FILED

NOT FOR PUBLICATION

NOV 12 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. NC-14-1140-PaJuKu |
| ) | |
| KABITA CHOUDHURI, ) | Bankr. No. 13-30873 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| KABITA CHOUDHURI, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee for GSAA ) | |
| Home Equity Trust 2006-8, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on October 23, 2014
at San Francisco, California

Filed - November 12, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:  Appellant Kabita Choudhuri argued pro se; Bernard
Kornsberg of Severson & Werson argued for appellee
Deutsche Bank National Trust Company, as Trustee
for GSAA Home Equity Trust 2006-8.

Before: PAPPAS, JURY and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

Chapter 13[2] debtor Kabita Choudhuri ("Choudhuri") appeals the orders of the bankruptcy court denying Choudhuri's objection to the proof of claim filed by creditor Deutsche Bank National Trust Co., as Trustee for GSAA Home Equity Trust 2006-8 ("Deutsche Bank") and sustaining Deutsche Bank's objection to and denying confirmation of Choudhuri's proposed plan. We AFFIRM the order denying the objection to the proof of claim, and DISMISS the appeal from the order denying confirmation as MOOT.

## FACTS

### The Loan

On December 20, 2005, Choudhuri signed an adjustable rate promissory note (the "Note") for $679,000 payable to Wells Fargo Bank, N.A. ("Wells Fargo"). The copy of the Note in the excerpts of record is signed by Choudhuri and endorsed in blank by a vice president of Wells Fargo. On the same date, Choudhuri executed a deed of trust against her real property in Marin County, California to secure the loan.

The terms of the Note provided that interest would initially accrue on the unpaid balance at 6.75 percent per annum, which could be adjusted every six months thereafter starting with the January 1, 2008 payment. Note at ¶ 3. All payments to be made by Choudhuri on the Note would be applied to interest only until the February 2011 payment, after which the monthly payments would

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

be applied to both principal and interest. Note at ¶ 3(C).

On February 23, 2006, Wells Fargo assigned the Choudhuri loan to Goldman Sachs Mortgage Company ("Goldman Sachs"). On April 26, 2006, Goldman Sachs assigned its interest in the loan to Deutsche Bank. Wells Fargo continued as servicer of the loan after the assignments.

## The State Court Action

On June 26, 2008, Choudhuri filed an action in the Marin County Superior Court against Wells Fargo, claiming that Wells Fargo had breached the loan contract and had committed fraud (the "State Court Action"). On September 26, 2008, a stipulated order was entered in the State Court Action which directed Choudhuri to make all future loan payments to the state court's clerk to be held pending resolution of the lawsuit.

On July 19, 2010, a summary judgment was entered in the State Court Action in favor of Wells Fargo and against Choudhuri on all causes of action. Among the state court's conclusions in the summary judgment were the following:

> The undisputed evidence shows that beginning in April 2006, [Choudhuri] began missing her mortgage payments for several periods. [Choudhuri] does not deny she failed to make many of her mortgage payments, but alleges that she was only following the advice of unidentified Wells Fargo customer care personnel. . . . [Choudhuri] does not describe precisely what was said to her, who said it, their authority, or the time and location. Also, [Choudhuri's] documentary evidence do[es] not support her contention.

Summary Judgment at 6, July 8, 2010.

> [Wells Fargo's] documentary evidence provides a sufficient prima facie showing that the adjustable interest rates and monthly mortgage payments were properly calculated[.]

-3-

Summary Judgment at 5. Having ruled against Choudhuri on the merits, the state court entered an order directing the clerk to release all of the withheld monthly mortgage payments to Wells Fargo.[3] The summary judgment in the State Court Action was affirmed by the California Court of Appeal on May 9, 2012.

## The Bankruptcy Case

Choudhuri filed for chapter 13 relief on April 14, 2013. Her Schedule D lists a secured debt to Wells Fargo of $678,994, secured by her property with a value of $845,194.

Choudhuri filed an amended chapter 13 plan on May 29, 2013. In it, she proposed to make direct monthly payments of $1,442.00 on the Note and to cure loan arrearages of $24,000 over the five-year life of the plan through monthly plan payments to the trustee of $754.80. Deutsche Bank objected to confirmation of the plan, arguing that the amount of the arrearages that Choudhuri had listed in the plan was incorrect.

Deutsche Bank filed a proof of claim ("POC") in Choudhuri's bankruptcy case on August 1, 2013; it asserted a secured claim for the loan in the amount of $916,072.27, which sum included total arrearages of $278,886.31. The POC also attached extensive documentation for the loan.

Choudhuri objected to Deutsche Bank's POC on August 16, 2013, challenging Deutsche Bank's standing as a creditor, questioning the validity of loan documents attached to the POC, and disputing the amount alleged for arrearages and the balance

---

[3] The parties represented to the Panel at oral argument that, despite the state court's order, the funds have not been distributed.

due on the loan. Deutsche Bank responded on September 4, 2013, denying Choudhuri's allegations and challenging her computations of the arrearages.

The bankruptcy court consolidated the proceedings on plan confirmation and Choudhuri's objection to the POC, set case management deadlines, and tentatively scheduled an evidentiary hearing. On November 5, at Choudhuri's request, the bankruptcy court conducted a hearing concerning a discovery dispute. Choudhuri had attempted to depose the most knowledgeable person relating to her loans from Deutsche Bank and Wells Fargo, but only a representative from Wells Fargo appeared. The court suspended discovery until Deutsche Bank could file a motion for summary judgment on the issue of its standing.

The bankruptcy court considered Deutsche Bank's summary judgment motion addressing its standing on December 13, 2013. The court denied the motion because Deutsche Bank had not provided sufficient documentation to show that Wells Fargo was its servicer on the Note. The court allowed further discovery and held over the issue of Deutsche Bank's standing for an evidentiary hearing.

The discovery disputes continued. On January 6, 2014, Choudhuri served third-party subpoenas on counsel for Wells Fargo in the State Court Action, requiring them to produce documents related to the proceeding. The bankruptcy court quashed those subpoenas.

The evidentiary hearing on confirmation and the claim objection was held on February 10, 2014. Choudhuri did not provide any transcript of this hearing in her excerpts of the

record. Deutsche Bank, in its excerpts, provided a partial transcript containing the testimony of Beverly Decaro, a Loan Verification Analyst for Wells Fargo, who testified as to the loan practices of Wells Fargo and about the documents she had reviewed regarding the Choudhuri loan. Decaro authenticated and presented the original Note and deed of trust to the court, both of which bore the signature of Choudhuri and testified that the documents were in the physical possession of Wells Fargo as servicer of Deutsche Bank.

Choudhuri's appellate brief indicates that testimony was also given at the hearing by Leila Sen, who was present during an earlier deposition of Decaro. Choudhuri also testified as a witness.

The bankruptcy court heard the parties' closing arguments and announced its findings and conclusions on February 27, 2014. Regarding standing, the court ruled:

> I will find from evidence . . . that Wells Fargo at all relevant times has been the servicer of the Note . . . . [T]he loan traveled from Wells Fargo as the original creditor on the loan to Deutsche Bank [which] in its capacity as trustee of the GSA Home Equity Trust 2006-8 is the holder of the Note, and Deutsche Bank therefore has standing to file the Proof of Claim

H'rg. Tr. 95:12-18, February 27, 2014. As to the amount owed on the Note and arrearages, the court ruled:

> I find that exhibit 2 [the Note] is in fact the adjustable rate note that Ms. Choudhuri signed in December of 2006.

Hr'g Tr. 91:9-11.

> My conclusion is . . . that Deutsche Bank in its capacity as I recited on the record has standing to assert the claim and that the claim is owed [by] Ms. Choudhuri in the principal amount plus accrued interest per the Proof of Claim.

-6-

Hr'g Tr. 96:2-6. The bankruptcy court concluded as to Deutsche Bank's POC:

> The Proof of Claim is supported in its entirety by the subsequent evidence presented . . . . I will disallow fourteen hundred dollars of the Proof of Claim, but find that all the other calculations are proper.

Hr'g Tr. 95:10-12.

Finally, the bankruptcy court determined that, based on the amounts it had decided Choudhuri owed to Deutsche Bank for the arrearages on the loan, Choudhuri's plan was not feasible. The court therefore sustained Deutsche Bank's objection and denied confirmation of the plan.

The bankruptcy court memorialized its decisions concerning the claim and plan objections in orders entered on March 4, 2014. On March 10, 2014, Choudhuri filed a motion for reconsideration under Rule 9024/Civil Rule 60(b)(1) and (2). The bankruptcy court promptly denied the motion, noting that, in the motion, Choudhuri had shown no mistake, inadvertence, surprise, excusable neglect, and no newly discovered evidence:

> At best [Choudhuri's] motion is a rehash of arguments she made at trial that the court rejected; in fact, her motion is without merit and little more than a continuation of her contentious and litigious strategy to avoid coming to terms with the stark reality of the valid and enforceable debt to Deutsche Bank that encumbers her home.

On March 21, 2014, Choudhuri filed a single timely notice appealing both the order denying confirmation of the plan and the order denying Choudhuri's objection to Deutsche Bank's POC.

### Events Subsequent to the Appeal

In their appellate briefs, the parties acknowledge that the bankruptcy court dismissed Choudhuri's chapter 13 case on May 21,

-7-

2014. Choudhuri filed a Rule 9023/Civil Rule 59(e) motion to vacate the judgment of dismissal in the bankruptcy court on May 28, 2014. The bankruptcy court denied that motion in an order entered June 19, 2014. The order dismissing the bankruptcy case, and the order denying the reconsideration motion, were not appealed.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the appeal of the order denying confirmation of the plan is moot.

Whether the bankruptcy court erred in sustaining in part and denying in part Choudhuri's objection to Deutsche Bank's proof of claim.

Whether the bankruptcy court was biased against Choudhuri.

## STANDARDS OF REVIEW

Mootness is a question of law reviewed de novo. <u>Nelson v. George Wong Pension Trust (In re Nelson)</u>, 391 B.R. 437, 442 (9th Cir. BAP 2008).

The bankruptcy court's decision on an objection to proof of claim is a mixed question of fact and law. We review the

---

[4] At oral argument, the parties informed the Panel that Choudhuri had filed another chapter 13 petition on June 14, 2014. We have no information in the record as to the status of that bankruptcy case, and neither party has explained how the filing is relevant to our consideration of this appeal.

-8-

bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 1011, 1030 (9th Cir. 2011).

Allegations of judicial bias are reviewed for abuse of discretion. Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993).

## DISCUSSION

### I.

As a preliminary matter, we consider two problems with Choudhuri's positions in this appeal.

First, we note that this appeal challenges two distinct orders of the bankruptcy court: one denying Choudhuri's objection to Deutsche Bank's POC, and the other sustaining Deutche Bank's objection and denying confirmation of Choudhuri's chapter 13 plan. However, Choudhuri's bankruptcy case has now been dismissed, reconsideration of the dismissal was denied, and the dismissal was not appealed. Is Choudhuri's appeal of the bankruptcy court's prior orders rendered moot by the dismissal of the bankruptcy case?

If an event occurs while a case is pending on appeal that makes it impossible for the Panel to grant relief to the appellant, the appeal is moot, we lack jurisdiction to decide it, and the appeal must be dismissed. Wells Fargo Fin. Accept. (In re Rodriguez), 375 B.R. 535, 539 (9th Cir. BAP 2007).

> In the bankruptcy context the determination whether [an appeal] becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy. [Citations omitted]. When the issue directly involves

-9-

the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy.

IRS v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001) (citing Spacek v. Thomen (In re Universal Farming Indus.), 873 F.3d 1334, 1335 (9th Cir. 1989)).

Here, Choudhuri's ability to propose and confirm a plan to deal with her debts in her chapter 13 case was lost when that case was dismissed via a now-final order. As a result, in this appeal, we can grant Choudhuri no effective relief concerning the bankruptcy court's order sustaining the objection to confirmation of her proposed plan. Because the appeal of that order is now moot, we lack jurisdiction to consider this aspect of the appeal, and it will be DISMISSED.

However, Choudhuri's appeal of the order denying her objection to the Deutsche Bank POC is not mooted by dismissal of the bankruptcy case. In the Ninth Circuit, "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." Bevan v. Socal Commc'ns Sites (In re Bevan), 327 F.3d 994, 997 (9th Cir. 2003) (quoting Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998)(internal quotation marks omitted)); Poonja v. Alleghany Props. (In re Los Gatos Lodge), 278 F.3d 890, 894 (9th Cir. 2002). Our primary inquiry in determining mootness is whether we can give the appellant any effective relief if we decide the matter in her favor. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). A bankruptcy court's order resolving an objection to a creditor's

claim may have preclusive effect in other proceedings involving the parties. Consequently, our decision concerning the propriety of the bankruptcy court's decision about the Deutsche Bank POC is a matter of consequence, and we could conceivably relieve Choudhuri of the burden of a potentially erroneous decision. Thus, Choudhuri's appeal of the bankruptcy court's order denying her objection to Deutsche Bank's proof of claim is not moot.

Choudhuri's appeal also presents a second challenge. Though she is the appellant seeking review of several of the bankruptcy court's findings concerning the amount owed on the Deutsche Bank POC, Choudhuri failed to provide the Panel a transcript of the evidentiary hearing concerning her objection to the POC. This is problematic. Rule 8009(b)(9) requires that, in BAP appeals, the excerpts include "[t]he transcript or portion thereof, if required by a rule of the bankruptcy appellate panel." 9th Cir. BAP R. 8006(1) dictates in relevant part that "[t]he excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record." The explanatory note to this local rule warns that, if a party challenges the factual findings of the bankruptcy court, "the record should usually include the entire transcript and all other relevant evidence considered by the bankruptcy court. See In re Friedman, 126 B.R. 63, 68 (9th Cir. BAP 1991) (failure to provide an adequate record may be grounds for affirmance); In re Burkhart, 84 B.R. 658 (9th Cir. BAP 1988)."

In particular, Choudhuri challenges the bankruptcy court's

findings and conclusions that the bankruptcy court explained were based on the testimony and other evidence submitted during the evidentiary hearing. Without a complete transcript of the testimony at the hearing, this Panel is unable to evaluate the assertions Choudhuri makes in her briefs concerning her testimony, particularly her contentions that she never signed the Note, and about her disputes regarding calculations of arrearages. The Ninth Circuit has ruled that "the BAP [is] required only to consider those portions of the transcript included in the record." Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190-91 (9th Cir. 2003); see also FED. R. APP. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.").

Choudhuri further complicates our consideration of her arguments by failing to support them with precise citations to the limited excerpts she presented. Indeed, her excerpts are not consecutively paginated, a violation of 9th Cir. BAP R. 8009(b-1)(b)(2), and as to some (but not all) of her factual assertions challenging the bankruptcy court, she refers to a "tab" in her excerpts, without any page reference. This approach to appellate advocacy is inefficient and inappropriate; an appellate panel is not obligated to search the entire record unaided by the parties to identify error. Tevis v. Wilke, Fleury, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 686 (9th Cir. BAP 2006).

-12-

On the other hand, though Choudhuri's record is a concern, we are mindful of the Ninth Circuit's admonition that we must examine the entire record available to determine if it is sufficient to address the merits of the appeal. Ehrenberg v. Cal. State Univ. (In re Beachport Enter.), 396 F.3d 1083, 1088 (9th Cir. 2005). Here, the bankruptcy court indicated that its decision to deny Choudhuri's objection to Deutsche Bank's POC was based on the documentary evidence and testimony of Decaro. Deutsche Bank provided copies of the documentary evidence introduced at the hearing, and a partial transcript detailing the relevant portion of the testimony of Decaro, in its excerpts.

While the appellate record in this appeal is skimpy, we will consider the portions of the record provided to determine if the findings and conclusions of the bankruptcy court were proper.

## II.

### Deutsche Bank had standing to file the POC.

A party bears the burden of proof to establish its legal standing. Summers. v. Earth Island Inst., 555 U.S. 488, 492 (2009) (the "movant bears the burden of showing that he has standing for each type of relief sought."). Once standing to file a POC is established, the filing of a POC in proper form constitutes prima facie evidence of "its validity and the amount of the claim." Rule 3001(f). Even if an objection is made to the claim, it remains sufficient absent evidence of its invalidity. Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991). When Choudhuri objects to the accounting of the amount due on the claim in the POC, "the burden of proof shifts back to the creditor." Litton Loan Servicing, LP v. Garvida

-13-

(In re Garvida), 347 B.R. 697, 706 (9th Cir. BAP 2006). Then, once the creditor has substantiated its accounting, the burden shifts back to the objecting Choudhuri to produce evidentiary support for its objection.

To demonstrate standing, "the party who filed the proof of claim must show that it is either the creditor or the creditor's authorized agent in order to obtain the benefits of Rule 3001(f)." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 922 (9th Cir. BAP 2011).

Choudhuri does not dispute that Wells Fargo originally loaned her the funds, or that she executed the Note and deed of trust in favor of that creditor. At the hearing in the bankruptcy court, copies of the Note and deed of trust were introduced into evidence, along with an "Assignment and Conveyance Agreement" showing the sale of the Note by Wells Fargo to Goldman Sachs. Deutsche Bank also introduced into evidence two separate "Assignment, Assumption and Recognition Agreements" which conveyed all rights in the Note from Goldman Sachs to Deutsche Bank. Finally, the Note shows that it was endorsed in blank and transferred to Deutsche Bank.

A "person in possession of a negotiable instrument that is payable . . . to bearer" is a holder. CAL. COMM. CODE § 1201(21)(A). Here, according to her testimony, the Note and the deed of trust were in the possession of Decaro, a representative of Wells Fargo, the servicing agent of Deutsche Bank. Decaro presented the original Note and deed of trust to the bankruptcy court at the hearing, and authenticated the copies admitted into evidence as being true and correct. As the party

-14-

in possession of a bearer instrument, Deutsche Bank was entitled to enforce it. CAL. COMM. CODE § 3301. And, as the Panel explained succinctly in In re Veal, "a party has standing to prosecute a proof of claim involving a negotiable promissory note secured by real property if, under applicable law, it is a 'person entitled to enforce the note' as defined by the Uniform Commercial Code." 450 B.R. at 902.

Choudhuri argues that at the evidentiary hearing she testified that she had never seen the Note offered into evidence by Deutsche Bank, and she pointed out what she contended were anomalies in the document in evidence. Unfortunately, as discussed above, we lack a transcript of Choudhuri's testimony and thus cannot examine nor consider what she may have told the bankruptcy court. It is of no moment, though, because the bankruptcy court apparently did not assign any weight to her testimony in this respect:

> I'm satisfied from reviewing exhibit 2 [the Note] that that is the obligation that Ms. Choudhuri signed and agreed to. To the extent that she contends even to this day that there was some other obligation she executed, she has not provided any evidence to even present a triable issue of fact.

H'rg Tr. 92:18-24. We defer to the bankruptcy court's findings based on testimonial and documentary evidence. Rule 8013; Michael P. v. Dep't of Educ., 656 F.3d 1057, 1070 (9th Cir. 2011); Baker v. Mereshian (In re Mereshian), 200 B.R. 342, 347 (9th Cir. BAP 1996).

Based upon the evidence presented at the hearing, we conclude that the bankruptcy court did not err in determining that Deutsche Bank had standing to assert the POC in Choudhuri's

bankruptcy case. The appellate record does not support Choudhuri's allegations that she did not sign the Note offered in evidence at the hearing, or that the terms of her obligation to Deutsche Bank were different than as set forth in that Note.

## III.

### The bankruptcy court did not err in determining the amount of the arrearages.

A chapter 13 plan may not modify the rights of a holder of a claim secured by a security interest in a debtor's principal residence. § 1322(b)(2). Despite this limitation, the Code allows a debtor to provide in a plan that any default on a home mortgage be cured within a reasonable time, while the debtor maintains the regular payments. § 1322(b)(5). To exercise this right, however, Choudhuri must propose a plan with payments adequate to cure the arrearages on her mortgage and, to do that here, the bankruptcy court was asked to determine that amount.

In resolving Choudhuri's objection to the amount set forth in the Deutsche Bank POC, the bankruptcy court found that Choudhuri's total payment arrearages were $271,636.64. The court based its calculations on the numerous documents presented at the hearing, and on the testimony of Decaro, which in tandem provided an explanation of the accounting procedures employed by Wells Fargo, as the loan servicer, and the history of Choudhuri's account and payments. After considering this evidence, the bankruptcy court adopted the figures in the POC, but reduced the amount of arrearages by $1,400, representing an insurance premium that the court found Deutsche Bank had not been required to pay.

The bases for Choudhuri's objections to the bankruptcy

-16-

court's calculations of the amount of the arrearages are unclear. In her opening brief, she argues that the bankruptcy court "refused to accept the evidence" that the total arrearages did not exceed $216,000. Choudhuri argues that at the hearing on February 27, 2014, she produced a statement from Wells Fargo as servicer of the Note indicating a current payment owed as of February 28, 2014, of $216,630.27, including unpaid payments of $212,206.95 (the "Wells Fargo Statement").

The evidentiary record had been closed at the end of the hearing on February 10, 2014. At a telephonic hearing on February 13, 2014, the court reminded Choudhuri that the record was closed:

> THE COURT: There's a term in the law or in trial procedure about the evidence is closed. The evidence is in. And pro ses tend to forget the difference between argument and evidence. And they stand there and I say have you made your argument, then they start talking about new facts.

Hr'g Tr. 7:17-21, February 13, 2014. The court then told Choudhuri the proper procedure for adding new evidence: "Well, you'll have to request that I reopen the evidence." Hr'g Tr. 8:5-6.

At the closing arguments on February 27, 2014, Choudhuri presented the court and opposing counsel with the Wells Fargo Statement. The bankruptcy court looked at the document, and commented: "Again, you keep coming up with new things." Trial Tr. 85:10-11, February 27, 2014. The court continued, "The bank is arguing in this trial that it is owed arrearages of [$273,000]. This document says [$216,000], but for the moment — for the moment, let's assume this document you handed up is the

correct document." Trial Tr. 87:2-4. The court made further comments that the Wells Fargo statement, even if true, would not support Choudhuri's ability to service the debt. Trial Tr. 88:3-4. The court returned the document to Choudhuri without reopening the evidentiary record or accepting the document into evidence.

Choudhuri did not move to reopen the record or to enter the document into evidence. Although we treat pro se parties such as Choudhuri with liberality, she must obey procedural rules. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants must comply with procedural rules); Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 188 (9th Cir. BAP 2002) (a party's "status as a pro se litigant does not excuse her failure to understand and follow court rules"). Contrary to Choudhuri's position, the court did not "refuse" to admit the Wells Fargo statement. It was not presented in evidence and, even if it had been admitted, the court observed that it would not support Choudhuri's arguments.

Choudhuri's other arguments concerning the amount of the arrearages center on her contention that, since the loan's inception, her payments represented both principal and interest and, thus, the funds in the state court trust fund include principal payments that could be applied to reduction of the arrearages. Additionally, Choudhuri argues she should have had the benefit of interest rate changes during the life of the Note, which would have reduced the arrearages.

Despite these contentions, based upon the documentary evidence, the bankruptcy court determined that the Note provided

-18-

that all payments on the Note for the first five years were to be interest only, meaning there would be no reduction in the principal balance. That conclusion was not error.

In her brief, Choudhuri concludes that the bankruptcy court's determination of arrearages should reduce the Deutsche Bank claim amount to $216,000. Then, she alleges, the $80,000 she paid into the state court registry should be applied to Choudhuri's mortgage principal, as well as another $10,556 Choudhuri had paid to date in monthly payments to the chapter 13 trustee. This process would result in arrearages of under $100,000, which she insists she could accommodate via the terms of an amended chapter 13 plan.

But Choudhuri's argument and suggested reduction lacks support in either the law or in the record. The $216,000 alleged balance in the mortgage account is not supported in the record received by the court. There was also no evidence offered to show that the $80,000 in the state court registry represented any payments against principal.

Instead, the bankruptcy court determined that, except for the $1,400 allowance for the unsubstantiated insurance payment, the arrearages asserted in the POC were correct. This is a factual finding, and we defer to the bankruptcy court's evaluation of the documentary and testimonial evidence adduced at the hearing. Rule 8013; <u>Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.</u>, 709 F.3d 872, 880 (9th Cir. 2014).

-19-

**IV.**

**There is no evidence that the bankruptcy court was biased against Choudhuri.**

Choudhuri asserts on appeal that the bankruptcy court favored Deutsche Bank in its comments throughout the proceedings and at the hearing. Once again, because we lack a transcript of the trial on February 10, 2014, we are unable to examine the court's comments allegedly made during that hearing, nor the setting for any such statements. However, Choudhuri complains that the court interrupted her closing argument by shouting "I don't care what you object to." The transcript of that proceeding on February 27, 2014, however, supplies the context for the court's remark:

> CHOUDHURI: Your Honor, I object to that entire Note.
>
> THE COURT: I don't care what you object to; that's what the document says.

H'rg Tr. at 8:18-21, February 27, 2014. Although perhaps gruff, when considered as a response to Choudhuri's repeated denials that the copies of the Note in evidence were accurate, the court's comment is an expression of its view that, at that point in the proceedings, Choudhuri's objection was valueless when measured against the express provisions in the document.

Choudhuri also suggests that the court repeatedly "coached" counsel for the creditor:

> From the start of the petition, the bankruptcy court has shown that it leans heavily in favor of banks. . . . The most glaring instance of this is when the court ordered the bank to file for summary judgment and then, again, when it failed in its motion, the court allowed the same issue to be resurrected and coached the attorney as to the specific document it

-20-

must bring to court in order to prevail. Choudhuri's Op. Br. at 20.

We disagree with Choudhuri's characterization of the bankruptcy judge's actions. First, the appellate record does not show that the bankruptcy court "ordered" Deutsche Bank to file a motion for summary judgment. Second, Choudhuri misunderstands the nature of summary judgment. In this context, such a motion would test whether Deutsche Bank had established legal standing, but it did not resolve this issue, which the court then deferred to the evidentiary hearing. And we find nothing improper in the bankruptcy court's direction to counsel to supply the documents supporting its client's position.

As another example of bias in favor of Deutsche Bank, Choudhuri argues that the bankruptcy court cut off discovery "early" to her detriment. However, the record shows that discovery was only suspended for about five weeks and there was more than sufficient time afterwards to complete discovery before the scheduled hearing. Choudhuri never requested continuance of the evidentiary hearing to complete discovery. And Choudhuri never showed how she was prejudiced by the suspended discovery.

Similarly, Choudhuri complains that the bankruptcy court would not enforce her subpoenas against counsel who represented Wells Fargo in the State Court Action. Once again, Choudhuri never explained why this was an erroneous ruling or how deposing counsel was relevant in the current disputes. Choudhuri showed neither error nor prejudice in these actions by the bankruptcy court, both of which she must demonstrate in discovery disputes. United States v. Alvarez, 358 F.3d 1194, 1210 (9th Cir. 2004).

-21-

Comments made by a court in the course of judicial proceedings are rarely sufficient to establish bias. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991). A finding of judicial bias must usually stem from some personal interest in the case or an extrajudicial source. Liteky v. United States, 510 U.S. 540, 552-53 (1994). Here, there is no evidence in the record showing that the bankruptcy court had any personal interest, financial or otherwise, in this case, nor does Choudhuri make such an assertion. Further, there is no indication in the record that the bankruptcy judge's comments were based on any information or events originating outside the bankruptcy court.

To sustain a claim of judicial bias, there must be an "extremely high level of interference by the trial judge that creates a pervasive climate of partiality and unfairness." United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir. 1982). Choudhuri has not shown that the bankruptcy judge significantly interfered with the course of the proceedings at all, much less in a fashion demonstrating partiality or unfairness. Choudhuri was treated fairly by the bankruptcy court.

## CONCLUSION

We deem Choudhuri's appeal of the order sustaining Deutsche Bank's objection to, and denying confirmation of, her proposed chapter 13 plan MOOT because the bankruptcy case has been dismissed. Because we can grant Choudhuri no effective relief, the appeal of that order is DISMISSED.

We AFFIRM the bankruptcy court's order denying Choudhuri's objection to the proof of claim of Deutsche Bank.

-22-