**In re Michael T. MORRISSEY, Debtor,**

**Michael T. Morrissey, Appellant,**

v.

**Diana A. Stuteville, Appellee.**

No. 02–15589.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Filed Nov. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Michael T. Morrissey, San Jose, CA, represented himself as the debtor-appellant and was on the briefs.

William B. Anderson, Sunnyvale, CA, for creditor-appellee Diana A. Stuteville. No briefs were filed.

Before: O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ,** District Judge.

O'SCANNLAIN, Circuit Judge:

We must decide what effect we should give to sanctions imposed by the Bankruptcy Appellate Panel.

## I

Michael T. Morrissey is a practicing attorney and has acted on his own behalf throughout this litigation. In 1994, Morrissey sought relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of California. His former office manager and longtime employee, Diana A. Stuteville, filed a timely proof of claim for $1,940.67 in vacation pay and expenses, which she claimed was owed her when she left Morrissey's employment. Morrissey objected to her claim. Stuteville, in turn, amended the proof of claim, adding several additional claims and seeking a total of $26,582.33 plus certain fees arising under state law.

The bankruptcy court held a trial on Morrissey's objection to the amended claim. In a detailed memorandum decision, it overruled Morrissey's objection and allowed Stuteville's claim. Both parties moved for retrial—Morrissey because the court decided against him, and Stuteville because the post-petition interest had been miscalculated. The bankruptcy court granted Stuteville's motion. Upon retrial, the court filed an amended judgment in favor of Stuteville in the amount of $29,683.62. Morrissey filed a timely notice of appeal to the Bankruptcy Appellate Panel ("BAP").

** The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

After a period of inaction by Morrissey, the BAP dismissed Morrissey's appeal for failure to prosecute. He successfully petitioned the BAP to reinstate the appeal. After another period of inaction by Morrissey, the BAP threatened to dismiss the appeal again for failure to prosecute. The litigation then began to proceed more expeditiously. Morrissey's brief and excerpts, however, were determined to be deficient in certain respects, and the BAP issued a notice to that effect. Morrissey then submitted new materials, and the case was argued and submitted.

Incomprehensible in places, Morrissey's final brief egregiously violated the requirements of Fed. R. Bankr.P. 8010. It lacked a statement of appellate jurisdiction, *see* Fed. R. Bankr.P. 8010(a)(1)(B); there was no intelligible statement of the issues presented or the applicable standard of appellate review, *see id.* 8010(a)(1)(C); there was no statement of the case in the form required, *see id.* 8010(a)(1)(D); and the argument sections omitted essential "citations to the authorities, statutes and parts of the record relied on." *Id.* 8010(a)(1)(E). In addition, the record Morrissey provided was so inadequate that the BAP was unable to review the multiple questions of fact that Morrissey raised, and it failed to make a showing that two of Morrissey's arguments had first been raised in the bankruptcy court. While the record included several miscellaneous transcripts, it failed to include the crucial transcript covering his objection to Stuteville's claim. The defective record thus violated Ninth Cir. BAP Rule 8006–1.

In a seven-page memorandum disposition, the BAP detailed Morrissey's errors and concluded that the "debtor's massive failure to comply with the rules of briefing and presenting a record on appeal, including his failure to support his arguments with citations to authority, his failure to cite to relevant portions of the record, his citations to portions of the record that were not before the bankruptcy court, and his failure to provide necessary portions of the record, preclude us from reviewing the court's order." *Morrissey v. Stuteville,* No. NC–00–1681–PMaRy, at 6 (9th Cir. BAP Feb. 14, 2002) (memo). The BAP noted, correctly, that the duty of the court is "not [to] develop debtor's arguments for him, find the legal authority to support those arguments, or guess at what part of the record may be relevant." *Id.* at 6–7. Accordingly, citing the gross procedural defects that made review impossible, the BAP summarily affirmed the bankruptcy court's amended judgment. *Id.* at 7.

Morrissey filed a timely notice of appeal to this court. He continued to struggle, however, with meeting rudimentary procedural and briefing requirements. For example, he filed his opening brief several days late, the font was too small, there was no statement of related cases, the excerpts of record had the wrong color covers, and the certificate of compliance was defective. *See* Fed. R.App. P. 32. The court granted him leave to file a late corrected opening brief, and he did so. Morrissey's corrected brief, however, entirely neglected to consider the BAP decision from which he is appealing. Framed as an appeal from the bankruptcy court, it dealt solely with the bankruptcy court's judgment on his objection to Stuteville's claim and did not address the BAP's subsequent adjudication.

## II

■ The BAP's affirmance of the bankruptcy court's amended judgment was premised on Morrissey's egregious violations of the applicable rules, and in that respect was tantamount to the imposition of sanctions. The standard of review applicable to a BAP decision to impose sanctions for non-compliance with non-jurisdic-

tional procedural requirements appears to be a question of first impression. It is true that we generally review decisions of the BAP de novo, *e.g., Carrillo v. Su (In re Su),* 290 F.3d 1140, 1142 (9th Cir.2002), as we do most district court decisions on appeals from the bankruptcy courts, *see Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman),* 325 F.3d 1168, 1172 (9th Cir. 2003), and we generally independently review bankruptcy courts' rulings when appealed from the BAP. *Su,* 290 F.3d at 1142. We have, however, recognized that greater deference may be appropriate when we review procedural decisions of the BAP and the district courts on appeals from the bankruptcy courts. In the BAP context, for example, the court has at least once reviewed for abuse of discretion in an analogous context. In *Nat'l Bank of Long Beach v. Donovan (In re Donovan),* 871 F.2d 807 (9th Cir.1989) (per curiam), the creditor-appellant moved for reconsideration after the BAP dismissed its appeal for failure to comply with requirements for designation of the record as set forth in Fed. R. Bankr.P. 8006. *Id.* at 808. We reviewed the BAP's denial of the motion to reconsider for abuse of discretion. *Id.* Similarly, in the district court context, the court will "review for abuse of discretion a district court's decision regarding the imposition of sanctions for non-compliance with non-jurisdictional bankruptcy procedural requirements." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 706–07 (9th Cir.1986); *see also Myers v. Shekter (In re Hill),* 775 F.2d 1385, 1386–87 (9th Cir.1985) (per curiam).

Considerations of judicial policy also strongly favor reviewing BAP sanctions under an abuse of discretion standard of review. Doing so would maintain consistency in the standard of review applied to district court and BAP sanctions decisions on appeals from the bankruptcy courts. It would also strengthen the BAP's authority to police the bankruptcy bar. The alterna-

tive, in contrast, would effectively enable litigants to bypass the intermediate level of review that the BAP affords.

Accordingly, we hold that we review for abuse of discretion the BAP's imposition of sanctions for non-compliance with non-jurisdictional procedural requirements. Where, under that standard, summary affirmance is an appropriate sanction by the BAP, we do not reach the merits of the bankruptcy court's ruling.

### III

■ Morrissey's egregious violations of Fed. R. Bankr.P. 8010 and Ninth Cir. BAP Rule 8006–1, as we have described above, plainly invited a response by the BAP. We must decide, therefore, whether the BAP abused its discretion in deciding that these violations warranted summary affirmance.

■ When imposing "sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault." *Hill,* 775 F.2d at 1387. While recognizing that dismissal may be appropriate in some cases, the court shows particular concern for "inappropriately punish[ing] the appellant for the neglect of his counsel." *Donovan,* 871 F.2d at 808. The BAP filed a lengthy memorandum detailing the appellant's errors and articulating the logic underlying its decision to affirm on the merits. Morrissey did not challenge these determinations on appeal, nor did he seek reconsideration of the BAP decision. As the memorandum emphasized, the BAP was required only to consider those portions of the transcript included in the record. Ninth Cir. BAP R. 8006–1. While the BAP did not explicitly mention the possibility of alternative

sanctions, the inadequacy of the record and the briefing afforded the BAP little choice but to affirm summarily, as the memorandum made clear. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 132 (9th Cir.1987) (noting that in "egregious circumstances" it is unnecessary for the district court to discuss alternatives to dismissal). In any event, the traditional concern with imputing mistakes of counsel to clients was not at issue because Morrissey, a practicing attorney, was representing himself in the litigation.[1] We therefore conclude that the BAP did not abuse its discretion, and we affirm its decision.

**AFFIRMED.**

ual; **Bushmaster Firearms, a Maine Corporation; RSR Management Corporation; RSR Wholesale Guns Seattle Inc., Defendants–Appellees,**

**and**

**Maadi, an Egyptian business entity; Imbel, a Brazilian business entity; The Loaner Pawnshop Too, a Washington Corporation; David McGee, an individual; Glock GMBH, an Austrian business entity, Defendant.**

No. 02–56197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Filed Nov. 20, 2003.

---

1. As mentioned above, even prior to issuing its memorandum decision, the BAP had put Morrissey on notice that the excerpts and brief were deficient, albeit in other respects, and had once dismissed his case for failure to prosecute. *Cf. Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1474 n. 5 (9th Cir.1990).