NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: INTERNATIONAL BUSINESS PROPERTIES, Debtor, | No. 09-60041 BAP No. 08-01129-MoHD |
| ARTHUR G. LAWRENCE, partner of International Business Properties and as an Individual, Appellant, v. COUNTY OF RIVERSIDE; TOM MULLEN; CATHEDRAL CITY; CATHEDRAL CITY REDEVELOPMENT AGENCY, Appellees, UNITED STATES TRUSTEE, Trustee. | MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Montali and Dunn, Bankruptcy Judges, Presiding

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 3, 2011[]
Pasadena, California

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Arthur G. Lawrence appeals the Bankruptcy Appellate Panel's (BAP) dismissal of his appeal for failure to prosecute and the BAP's denial of his motions for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d), we review for an abuse of discretion, *see In re Morrissey*, 349 F.3d 1187, 1190 (9th Cir. 2003), and we affirm.

Lawrence received repeated warnings from the BAP that his appeal would be dismissed if he failed to prosecute. He received warnings in two briefing orders in June 2008 and April 2009. In a separate April 2009 order, the BAP said that, "Given the age of these appeals, the parties have had sufficient time to prepare their arguments"; the order also warned that "Requests for extension of time will not be viewed favorably." In a May 2009 order, the BAP warned Lawrence that his continued failure to comply with his obligation to designate the record "may result in dismissal of the appeal or summary affirmance of the bankruptcy court's decision." And in another May 2009 order, the BAP granted Lawrence an extension of time in which to file his opening brief with the clear admonition that:

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

"If Mr. Lawrence does not file and serve his opening brief and excerpts by FRIDAY, JUNE 12, 2009, his appeal . . . *will be DISMISSED* for failure to prosecute *without further notice to the parties*" (emphasis added). Indeed, Lawrence understood and accepted that no more extensions would be given beyond June 12, 2009: in his May 2009 request to extend the deadline for designating the record until June 12, he wrote that he was asking for a "*final extension* . . . for the filing of the opening brief and the other documents required to be filed in this appeal" (emphasis added). Lawrence nonetheless failed to file either his opening brief or the designation of record on June 12, instead filing a motion for a lengthy, three-month extension.

The BAP gave sound reasons for the dismissal, and Lawrence has not rebutted them. The BAP noted correctly that the appeal had been pending for 14 months and that Lawrence therefore had had "ample time to prepare his opening brief." Although the briefing schedule was suspended for a time pending final action in the bankruptcy court, Lawrence had "known since May 2008 that his brief would ultimately be due." The BAP also noted correctly that, "while unable to prepare a brief for this appeal," Lawrence had been "able to file his opening brief" in another appeal. It makes no difference whether Lawrence filed the brief in the related case on his own or with the help of others.

3

Accordingly, we hold that the BAP did not abuse its discretion by dismissing Lawrence's appeal for failure to prosecute and by denying his motions for reconsideration. Because we affirm the BAP's dismissal, we do not consider Lawrence's challenges to the bankruptcy court's decisions. *See Morrissey*, 349 F.3d at 1190.

Lawrence's motions for judicial notice and to augment the record on appeal are denied as moot.

**AFFIRMED.**