**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALANA D. WAGNER, | No. 12-15430 |
| Appellant, | D.C. No. 3:10-cv-00728-RCJ-VPC |
| v. | |
| BANK OF AMERICA, NA, | MEMORANDUM[*] |
| Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Alana D. Wagner appeals pro se from the district court's order dismissing

for failure to prosecute her appeal of the bankruptcy court's order granting relief

from the stay in her Chapter 13 bankruptcy proceedings.  We have jurisdiction

under 28 U.S.C. § 158(d).  We review for an abuse of discretion.  *Morrissey v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003).  We affirm.

The district court did not abuse its discretion in dismissing Wagner's appeal because Wagner failed to file a timely designation of record, statement of issues, and notice regarding transcripts, make a timely payment for transcripts, or file an opening brief when her appeal had been pending for over 11 months.  *See* Fed. R. Bankr. P. 8001(a) (an appellant's failure to take steps required to prosecute a bankruptcy appeal may be grounds for dismissal of the appeal); *In re Morrissey*, 349 F.3d at 1190-91 (dismissal for noncompliance with procedural rules is proper, without explicit consideration of alternative sanctions, where procedural deficiencies are numerous and egregious); *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1472 (9th Cir. 1990) (affirming dismissal for failure to prosecute where appellant did not timely serve the designation of record, failed to take prompt steps to have reporter's transcripts prepared, and failed to post the necessary fees or contact the reporter until after the motion to dismiss was filed).

Wagner's contentions that the district court violated her due process rights by failing to issue a scheduling order and that defendant is precluded from seeking dismissal for failure to prosecute because of an alleged "fraud on the court" are unpersuasive.

**AFFIRMED.**

12-15430