**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CHARLENE GRUNTZ, | No. 12-60014 |
| Debtor, | BAP No. 11-1329 |
| JOHN MARTIN; et al., | MEMORANDUM* |
| Appellants, | |
| v. | |
| PATRICIA J. ZIMMERMAN, Chapter 7 Trustee; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Markell, Bankruptcy Judges, Presiding

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

John Martin and other appellants collectively appeal pro se from the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Appellate Panel's ("BAP") judgment dismissing, for failure to prosecute, their appeal from the bankruptcy court's remand order. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion, *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003), and we affirm.

The BAP did not abuse its discretion by dismissing appellants' appeal because, after getting multiple extensions of time to file their opening brief and despite repeated warnings that failure to file the opening brief would result in dismissal without further notice, appellants continued to seek further extensions and never filed their opening brief. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth factors under Federal Rule of Civil Procedure 41(b) for determining whether to dismiss a bankruptcy proceeding for failure to prosecute); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (per curiam) (dismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)).

Because we affirm the BAP's dismissal for failure to prosecute, we do not consider appellants' challenge to the bankruptcy court's remand order on the merits. *See In re Morrissey*, 349 F.3d at 1190.

**AFFIRMED.**

12-60014