**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In the Matter of: ROBERT W. HUNT, M.D., A Medical Corporation,<br><br>        Debtor,<br><br>---<br><br>ROBERT W. HUNT, M.D., A Medical Corporation and PELI POPOVICH HUNT, pro se,<br><br>        Appellants,<br><br>  v.<br><br>DAVID M. GOODRICH, Chapter 11 Trustee; et al.,<br><br>        Appellees. | No. 13-55528<br><br>D.C. No. 2:12-cv-06949-AG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted March 10, 2015[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Robert W. Hunt, M.D., A Medical Corporation, and Peli Popovich Hunt, appeal from the district court's order dismissing for failure to prosecute their appeal from the bankruptcy court's order converting the corporation's chapter 11 bankruptcy case to one under chapter 7.  We have jurisdiction under 28 U.S.C. § 158.  We review for an abuse of discretion, *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003), and we affirm.

The district court did not abuse its discretion in dismissing appellants' bankruptcy appeal because appellants had ample time to file their opening brief, including one ordered extension, yet failed to do so, and failed to show that an additional extension of time was warranted.  *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth factors under Federal Rule of Civil Procedure 41(b) for determining whether to dismiss a bankruptcy proceeding for failure to prosecute); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir. 1999) (per curiam) (dismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider appellants' challenge to the bankruptcy court's order on the merits.

*See In re Morrissey*, 349 F.3d at 1190.

Appellants' requests for judicial notice are denied.

**AFFIRMED.**