**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In re: ANTONIA GARCIA MENDOZA; FRANCISCO MORENO MAGANA, <br><br> Debtors, <br> _____ <br><br> ANTONIA GARCIA MENDOZA; FRANCISCO MORENO MAGANA, <br><br> Appellants, <br><br> v. <br><br> DANIEL H. BRUNNER, <br><br> Appellee. | No.   14-60026 <br><br> BAP No. 13-1499 <br><br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted August 16, 2016**

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

_____

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtors Antonia Garcia Mendoza and Francisco Moreno Magana ("debtors") appeal pro se from the Bankruptcy Appellate Panel's ("BAP") order dismissing for failure to prosecute their appeal from the bankruptcy court. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). We affirm.

The BAP did not abuse its discretion in dismissing debtors' appeal for failure to file an adequate opening brief or excerpts of record after the BAP provided multiple warnings that failure to submit required materials would result in dismissal of the appeal. *See id.* at 1189-91; *see also* 9th Cir. BAP R. 8018(a)-2 (BAP may dismiss the appeal if appellant fails to file "an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal"); *Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011) (pro se litigants in bankruptcy proceedings are not excused from compliance with procedural rules).

We reject as without merit debtors' contentions regarding due process and mandatory appointment of counsel.

Because we affirm the BAP's dismissal for failure to prosecute, we do not consider debtors' challenge to the bankruptcy court's decisions. *See In re*

*Morrissey*, 349 F.3d at 1190.

**AFFIRMED.**