
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AYDIN T. ONER, | No. 15-15506 |
| Debtor. | D.C. No. 2:14-cv-01604-JCM |
| AYDIN T. ONER, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 14, 2016**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aydin T. Oner appeals pro se from the district court's order dismissing his bankruptcy appeal for failure to file an opening brief. We have jurisdiction under 28 U.S.C. §§ 158(d), 1291. We review for abuse of discretion a district court's dismissal for failure to prosecute. *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994). We affirm.

The district court did not abuse its discretion in dismissing Oner's appeal after granting Oner two extensions of time to file an opening brief and warning that a failure to comply may result in dismissal. The district court properly exercised its discretion in determining that the delay prejudiced defendants and interfered with the district court's ability to manage its docket. *See id.* ("A reviewing court will give deference to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Oner's challenges to the bankruptcy court's decisions or the district court's interlocutory orders. *See Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

**AFFIRMED.**