NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LOREN MILLER; SARAH MILLER, <br><br> Debtors, <br> _____ <br><br> LOREN MILLER, <br><br> Appellant, <br><br> v. <br><br> JEREMY W. FAITH, Trustee; SARAH MILLER, <br><br> Appellees. | No. 16-60011 <br><br> BAP No. 15-1208 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Farris, Taylor, and Kurtz, Bankruptcy Judges, Presiding

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Chapter 7 debtor Loren Miller appeals pro se from the Bankruptcy Appellate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel's ("BAP") order dismissing for failure to prosecute his appeal from the bankruptcy court's summary judgment. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). We affirm.

The BAP did not abuse its discretion by dismissing Miller's appeal for failure to file an opening brief and excerpts of record after the BAP provided multiple extensions of time and warnings that failure to file a brief would result in dismissal of the appeal. *See id.* at 1189-91; *see also* 9th Cir. BAP R. 8018(a)-2 (providing for dismissal of an appeal when an appellant "fails to file an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal . . ."); *Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011) (pro se litigants in bankruptcy proceedings are not excused from compliance with procedural rules).

The BAP did not abuse its discretion by denying Miller's third motion to extend time to file an opening brief because Miller did not demonstrate cause for relief. *See* Fed. R. Bankr. P. 9006 (explaining that the BAP "for cause shown may at any time in its discretion" extend a deadline "if the request therefor is made before the expiration of the period originally prescribed").

16-60011

We reject as meritless Miller's contentions regarding the alleged bad faith of the BAP.

Miller's request to take judicial notice of the underlying proceedings, set forth in his opening brief, is denied as unnecessary.

**AFFIRMED.**