**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NV-17-1096-TaBH |
| ) | |
| RUBILYN M. FERNANDO, ) | Bk. No.   2:16-bk-13250-LED |
| ) | |
| Debtor. ) | Adv. No.  2:16-ap-01115-LED |
| _____ ) | |
| ) | |
| RUBILYN M. FERNANDO, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| HSBC BANK USA, N.A., as ) | |
| Trustee for the Benefit of ) | |
| People's Financial Realty ) | |
| Mortgage Securities Trust, ) | |
| Series 2006-1, Mortgage Pass- ) | |
| Through Certificates, Series ) | |
| 2006-1; FRANKLIN CREDIT ) | |
| MANAGEMENT CORPORATION; ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Certificate ) | |
| Trustee on Behalf of Bosco ) | |
| Credit II Trust Series 2010-1;) | |
| WESTERN PROGRESSIVE - NEVADA, ) | |
| INC., ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Submitted Without Argument on December 1, 2017

Filed – December 22, 2017

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel E. Davis, Bankruptcy Judge, Presiding

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

Appearances:   Appellant Rubilyn M. Fernando pro se on brief.

Before:    TAYLOR, BRAND, and HOULE,[**] Bankruptcy Judges.

**INTRODUCTION**

Five days after the bankruptcy court dismissed her bankruptcy case and two minutes after she filed a redundant voluntary request for case dismissal, Rubilyn Fernando filed an adversary proceeding.  The bankruptcy court later dismissed the litigation without prejudice and denied Ms. Fernando's motion for relief from the dismissal order.  The bankruptcy court explained its decision in oral findings of fact and conclusions of law, which were incorporated by general reference into its order.  Because Ms. Fernando refused to provide us with a transcript detailing these findings, we cannot adequately review the bankruptcy court's orders.  And consideration of the merits on the limited record we have does not support a different result.  Accordingly, we AFFIRM the bankruptcy court.

**FACTS**

Ms. Fernando filed a chapter 13[1] petition in June 2016.[2]

---

[**]   The Hon. Mark D. Houle, United States Bankruptcy Judge for the Central District of California, sitting by designation.

[1]   Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]   We exercise our discretion to take judicial notice of
(continued...)

2

Her chapter 13 plan drew opposition, and the bankruptcy court eventually entered an order denying confirmation of the plan and dismissing the case. Five days later, Ms. Fernando also, and unnecessarily, requested voluntary dismissal of her bankruptcy case under § 1307(b). And two minutes after her request for voluntary dismissal, Ms. Fernando filed an adversary complaint seeking declaratory relief and requesting clear title to her real property.

Some defendants moved to dismiss; others later joined in the motion. They argued lack of subject matter jurisdiction and failure to state a claim and, in the alternative, requested abstention.

While this motion was pending, the bankruptcy court's clerk's office issued a notice of conditional dismissal of the adversary proceeding based on dismissal of the bankruptcy case; the notice provided for dismissal without prejudice unless an objection was filed within 21 days of service. Ms. Fernando filed a timely response;[3] the clerk's office, however, took

---

[2](...continued) documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] The opposition questioned why the notice was issued by the clerk of court, who lacked authority to dismiss the case; argued that the bankruptcy court could only submit proposed findings of fact and conclusions of law in non-core proceedings; and quoted text from Menk v. Lapaglia (In re Menk), 241 B.R. 896, 904 (9th Cir. BAP 1999), suggesting the bankruptcy court can entertain an adversary proceeding even when the main

(continued...)

almost two full days to docket it. And during this period of delay, the bankruptcy court entered a dismissal order based on the absence of a timely response to the notice on the docket.

**The reconsideration motion**. Given the dismissal, Ms. Fernando filed a reconsideration motion claiming that there was an oversight or omission because she timely filed her objection. She also repeated arguments from her opposition papers.

Some of the defendants opposed; they argued that granting the motion would be an exercise in futility because the case would remain subject to dismissal for all the reasons articulated in their motion to dismiss. In her reply, Ms. Fernando argued that her complaint initiated a non-core proceeding and that, as a result, the bankruptcy court could not enter a final judgment on her claims.

The bankruptcy court heard oral argument on the reconsideration motion and stated its oral findings of fact and conclusions of law on the record. It later incorporated those findings and conclusions into its order denying Ms. Fernando's reconsideration request.

Ms. Fernando timely appealed.

## JURISDICTION

Subject to the discussion below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

---

[3](...continued) bankruptcy case is closed.

4

Did the bankruptcy court abuse its discretion in denying Ms. Fernando's motion for relief from the dismissal order or in dismissing the adversary proceeding?

**STANDARDS OF REVIEW**

We review for an abuse of discretion a bankruptcy court's decision on a reconsideration motion. Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011) (Civil Rule 59); Lal v. California, 610 F.3d 518, 523 (9th Cir. 2010) (Civil Rule 60); Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998). We review de novo whether a litigant's due process rights were violated. DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

We liberally construe Ms. Fernando's pro se brief. See Cruz v. Stein Strauss Trust # 1361 (In re Cruz), 516 B.R. 594, 604 (9th Cir. BAP 2014).

**Scope of appeal**. In her notice of appeal, Ms. Fernando says that she "appeal[s] th[e bankruptcy] court's entry of the Order dismissing this case (docket #36)." But docket entry 36 is the order denying her reconsideration motion; she also

5

attached that order to her notice of appeal. Similarly, in her appellate brief, she states that she is appealing the order denying her motion for relief and identifies it by docket number.

Despite the infirmities in the notice of appeal and Ms. Fernando's express statement that she is appealing the reconsideration order, we conclude that she intended to also appeal the dismissal order.[4]

**We affirm the bankruptcy court's orders.**

The bankruptcy court's order denying Ms. Fernando's reconsideration motion incorporated oral findings of fact and conclusions of law made on the record. If a bankruptcy court makes its findings of facts and conclusions of law on the record, the appellant must include the transcript as part of the excerpts of record. McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 416–17 (9th Cir. BAP 1999). Here, Ms. Fernando elected not to obtain a transcript.[5] We thus cannot meaningfully review the bankruptcy court's order denying

[4] Ms. Fernando's notice of appeal was timely as to the dismissal order: since she filed a reconsideration motion within 14 days of the dismissal order, the 14-day time to file the appeal ran from the entry of the order denying that motion. Fed. R. Bankr. P. 8002(b)(1)(C)&(D).

[5] In her designation of the record and statement of issues, Ms. Fernando stated that she "designate[s] the case record in its entirety, without the transcript of the oral record . . . ." In June 2017, the BAP issued an order noting that there were oral findings, informing Ms. Fernando why the transcript was necessary, and warning her that failure to provide it would impede review of her appeal and could lead to summary affirmance. Ms. Fernando filed a response stating that she was not going to provide the transcript.

6

reconsideration. <u>Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't)</u>, 396 F.3d 1083, 1087-88 (9th Cir. 2005); <u>Morrissey v. Stuteville (In re Morrissey)</u>, 349 F.3d 1187, 1189 (9th Cir. 2003) (failing to provide a critical transcript may result in summary affirmance). Accordingly, we summarily affirm the order denying Ms. Fernando's motion for reconsideration.

We next consider the dismissal order. In her opening brief on appeal, Ms. Fernando repeats her argument that she timely objected to the notice of conditional dismissal. Now on appeal, she frames this as a due process concern. We independently consider her due process argument and conclude that her due process rights were not violated. Ms. Fernando's declaration in support of her motion for relief states that the bankruptcy court was closed on December 27 and 28, a Tuesday and Wednesday, due to water issues. But that is immaterial: Ms. Fernando was able to timely file her opposition. She thus had access to the court. Further, due process requires "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 272 (2010) (quoting <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950)). Here, she does not contend that the bankruptcy court did not consider her arguments against dismissal in the context of the reconsideration motion. Nor could she, as the bankruptcy court heard the matter and made findings of fact and conclusions of law on the record. Instead, Ms. Fernando disagrees with the

bankruptcy court's resolution of her objections. That does not, however, mean her due process rights were violated. Given her failure to provide a transcript, we can do nothing but disregard her allegation that her arguments against dismissal did not receive appropriate consideration.

She also raised arguments for the first time on appeal; we deem them waived. "[I]n general, 'a federal appellate court does not consider an issue not passed upon below.'" Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014) (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)).

And as to the arguments she did raise before the bankruptcy court, the lack of a transcript is again fatal to her appeal. We cannot adequately review the bankruptcy court's determinations, and we again summarily affirm.

**We would also affirm on the merits**.

While we can only guess at the actual analysis made by the bankruptcy court at the hearing, the appropriateness of dismissal of the adversary proceeding is unquestionable; the bankruptcy court lacked jurisdiction over Ms. Fernando's claims because she filed the adversary proceeding after dismissal of her chapter 13 bankruptcy case.

As a result, the claims were not assets of an existing bankruptcy estate and could not arise in or relate to an existing bankruptcy case. Further, the state law claims did not arise under bankruptcy law. Finally, they did not relate to a bankruptcy court order, so there was no ancillary jurisdiction.

We acknowledge that Ms. Fernando has a legitimate grievance

with the dismissal order because it states that there was no opposition when she had filed opposition. But we cannot avoid the obvious; the bankruptcy court never had jurisdiction because Ms. Fernando filed the adversary proceeding after bankruptcy case dismissal. And consistent with this determination, the bankruptcy court dismissed the adversary proceeding without prejudice; it did not finally adjudicate or pass judgment on the merits of any of Ms. Fernando's claims; it simply determined that the bankruptcy court was not the proper place for her to proceed. She is free to assert her claims elsewhere.

**CONCLUSION**

Based on the foregoing, we AFFIRM.