NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KENNY G ENTERPRISES, LLC, | No. 17-55270 |
| Debtor. | D.C. No. 8:16-cv-00848-GW |
| ——————————————— | |
| KENNETH GHARIB, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| THOMAS H. CASEY, Chapter 7 Trustee, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Kenneth Gharib appeals pro se from the district court's order dismissing his

bankruptcy appeal for failure to prosecute. We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§§ 158(d) and 1291. We review for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion by dismissing Gharib's appeal because, despite being required by the Federal Rules of Bankruptcy Procedure to take certain actions within 14 days of filing the appeal, Gharib failed to do so more than six months after appealing. *See* Fed. R. Bankr. P. 8003(a)(2) (an appellant's failure to take steps to prosecute a bankruptcy appeal may be grounds for dismissal); *In re Morrissey*, 349 F.3d at 1190-91 (dismissal for noncompliance with procedural rules is proper, without explicit consideration of alternative sanctions, where procedural defects are egregious); *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1473-75 (9th Cir. 1990) (affirming dismissal for failure to prosecute where appellant did not timely serve the designation of record, failed to take prompt steps to have reporter's transcripts prepared, and failed to post the necessary fees or contact reporter until after the filing of the motion to dismiss).

The district court did not abuse its discretion by denying Gharib's motion for rehearing because Gharib did not identify any error in the district court's order dismissing his appeal. *See* Fed. R. Bankr. P. 8022(a)(2); *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (setting forth standard of review and requiring a motion for rehearing to state with particularity each point of

17-55270

law or fact a court overlooked).

Because we affirm the district court's order dismissing the appeal, we do not consider Gharib's challenges to the bankruptcy court's decisions or the district court's order denying Gharib's request for release. *See In re Morrissey*, 349 F.3d at 1190; *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

Gharib's requests for judicial notice (Docket Entry Nos. 8, 19) are denied.

**AFFIRMED.**