**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BRUCE CHADBOURNE,<br><br>Debtor,<br><br>------------------------------<br><br>BRUCE CHADBOURNE,<br><br>Appellant,<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for MFRA Trust 2014-2,<br><br>Appellee. | No. 20-60054<br><br>BAP No. 19-1218<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bruce Chadbourne appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order dismissing Chadbourne's appeal for failure to provide a transcript of the bankruptcy court's stay relief hearing. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). We affirm.

The BAP did not abuse its discretion by dismissing Chadbourne's appeal for failure to file a transcript of the stay relief hearing because the BAP determined that the transcript was necessary to perform an informed review and provided Chadbourne multiple extensions of time and warnings that failure to file a transcript would result in dismissal of the appeal. *See id.* at 1189-91; *see also* 9th Cir. Bankr. App. Panel R. 8009-1 ("The excerpts of record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel."); *Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011) (pro se litigants in bankruptcy proceedings are not excused from compliance with procedural rules).

Because we affirm the BAP's order dismissing the appeal, we do not consider Chadbourne's challenges to the bankruptcy court's decisions. *See In re Morrissey*, 349 F.3d at 1190.

Chadbourne's motion for an extension of time to file a supplemental brief

20-60054

and a reply brief (Docket Entry No. 36) is denied.

**AFFIRMED.**