**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000620
15-DEC-2025
08:29 AM
Dkt. 86 SO**

NO. CAAP-23-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HEIDI LEWIS, Respondent-Appellant-Appellant,
v.
HAWAIIAN HOMES COMMISSION, Agency-Appellee-Appellee;
DEPARTMENT OF HAWAIIAN HOMELANDS, Petitioner-Appellee-Appellee;
and CAPRICE AYAU, Respondent-Appellee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-23-0000002)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Respondent-Appellant-Appellant Heidi
Lewis (**Lewis**) appeals from the Circuit Court of the First
Circuit's[1] September 27, 2023 order affirming Agency-Appellee-
Appellee the Hawaiian Homes Commission's (**Commission**)
termination of her interest in a homestead lease and denial of
her motion for reconsideration.

On appeal, Lewis argues the circuit court erred
(1) "in its application of legal standards to the facts of the

---

[1] The Honorable James H. Ashford presided.

case, particularly in interpreting the lease agreement and the alleged violations thereof"; and (2) "by relying heavily on highly redacted evidence presented by" Petitioner-Appellee-Appellee the Department of Hawaiian Home Lands (**Department** or **DHHL**) "without adequately scrutinizing its credibility and relevance."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[2] Lewis actually raises eight points of error (**POE**) on appeal:

    (1)    "Denial of Due Process" by upholding the Commission's decision;

    (2)    "Failure to Provide an Impartial Tribunal";

    (3)    "Misapplication of Legal Standards to the Facts";

    (4)    "Overdependence on Questionable Evidence" by relying on heavily redacted evidence;

    (5)    "Erroneous Conclusion of Law Regarding Lease Cancellation";

    (6)    "Failure to Consider Mitigating Circumstances or Alternative Remedies";

    (7)    "Inadequate Notice of Lease Violations and Opportunity to Cure"; and

    (8)    "Commissioners['] failure to recuse after verbally stating [their] intention to do so compromised [their] ability to provide a fair trial . . . [and] violated [the] 5th and 14th [amendments]."

However, POE 1, 2, 6, 7, and 8 are waived, as Lewis did not raise them before the circuit court. See Mauna Kea Power Co. v. Bd. of Land & Nat. Res., 76 Hawaiʻi 259, 262 n.2, 874 P.2d 1084, 1087 n.2 (1994) (waiving issue presented during secondary appeal that was not argued before administrative agency or on appeal to circuit court). We address POE 3 and 5 together, as they are related, and POE 4.

the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

Lewis and her sister, Respondent-Appellee-Appellee Caprice Ayau (**Caprice**), assumed as tenants-in-common Hawaiian Homes Commission Residence Lot Lease No. 3093 (**Lease**) located at 89-435 Keaulana Avenue, Wai'anae, Hawai'i 96792 (**Homestead**) on March 23, 2005, effective June 24, 2004. Lewis has resided on the Homestead since July 2004, but Caprice has resided in Minnesota for over forty years and did not occupy the Homestead at any time relevant to this case.

In March 2020, the Department received complaints that Lewis was operating an illegal game room on the Homestead.

In June 2020, Honolulu Police Department (**HPD**) officers apprehended a suspect in an attempted robbery case at the Homestead. The incident report for the attempted robbery, HPD Incident Report No. 20-225933 (**Attempted Robbery Incident Report**), included a sketch identifying the Homestead as a "GAMEROOM" and photographs of several gaming machines inside the house on the Homestead.

In August 2020, the Department sent Lewis a letter (**Violation Notice**) notifying her that (1) it "received indications" she was "using the [Homestead] as an illegal gambling establishment," among other illegal activities; (2) such activities violated "Paragraph No. 4 under the terms,

3

covenants and conditions of [her] lease agreement,"[3] which required her to "observe, perform and comply with all laws, ordinances, rules and regulations of the health or other governmental authorities" (emphasis omitted); and (3) the violations constituted cause for the Department to pursue action against her, potentially resulting in the Lease's cancellation. The Violation Notice then instructed Lewis to "immediately cease all illegal activity on [her] homestead lot."

In July 2021, the Commission held a public meeting during which a Keaulana Avenue resident addressed the Commission regarding "all the illegal activities that have been happening on Keaulana Ave.," including at Lewis's Homestead. The deputy attorney general present at the meeting stated that "specific matters relating to these leases may come before the Commission in the form of contested case."

In January 2022, the Department asked the Commission to schedule a contested case hearing on whether to cancel

---

[3] Paragraph 4 of the Lease provides in pertinent part:

> The Homesteader will . . . observe, perform and comply with all laws, ordinances, rules and regulations of the health or other governmental authorities, including the rules and regulations of the Commission, applicable to the use and occupation of said demised premises as may from time to time be issued, enacted or promulgated; and will allow the Commission and its agents at all reasonable times free access to the demised premises for the purpose of examining the same and determining whether the covenants herein and elsewhere in this lease contained are being fully observed and performed.

Lewis's Lease; the Commission granted the request the following day.[4]

In June 2022, the Commission conducted the contested case hearing. It accepted into evidence, among other things, various HPD incident reports, including the Attempted Robbery Incident Report, as well as Lewis's testimony.

Importantly, Lewis testified that she maintained control over access to her Homestead and permitted gaming operations, for which she was supposed to receive some compensation, to occur on the Homestead.

---

[4] Under section 210 of the Hawaiian Homes Commission Act (**HHCA**), the Department may, after due notice and an opportunity for a hearing, cancel a lessee's lease upon finding the lessee "has violated any condition in respect to the leasing of such tract." Hawaiian Homes Commission Act, 1920, § 210, 42 Stat. 108.

HHCA § 210 provides in full as follows:

> **§ 210. Cancellation of leases.** Whenever the department has reason to believe that any condition enumerated in section 208, or any provision of section 209, of this title has been violated, the department shall give due notice and afford opportunity for a hearing to the lessee of the tract in respect to which the alleged violation relates or to the successor of the lessee's interest therein, as the case demands. If upon such hearing the department finds that the lessee or the lessee's successor has violated any condition in respect to the leasing of such tract, the department may declare the lessee's interest in the tract and all improvements thereon to be forfeited and the lease in respect thereto canceled, and shall thereupon order the tract to be vacated within a reasonable time. The right to the use and occupancy of the Hawaiian home lands contained in such tract shall thereupon revest in the department and the department may take possession of the tract and the improvements thereon.

(Some formatting altered.)

> Q. Do you have control over access to your [Homestead]?
>
> A. Yes, I do.
>
> . . . .
>
> Q. Were there gaming operations at your [Homestead]? Yes or no?
>
> A. Yes.
>
> . . . .
>
> Q. So when -- when the game rooms were there, were you getting rent for that?
>
> A. No. They did not pay me like they said they were going to pay me. But they never did pay me.

Lewis further testified she shut down the game room on August 28, 2020, after receiving the Violation Notice.

> A. You know, once I got the [Violation Notice] from -- from DHHL to call them and they were aware of this -- what was going on, that was like my light of this dark tunnel that I -- I didn't know who else to turn to. So when I did get that [Violation Notice], that was my saying that, you guys gotta go. . . .

On December 2, 2022, the Commission issued its Findings of Fact, Conclusions of Law and Decision and Order (**Commission's Order**). As relevant to the instant appeal, the Commission found the Department proved by a preponderance of the evidence that Lewis violated a state law prohibiting the promotion of gambling and, in turn, the Lease's terms and conditions. It further found that Caprice had not violated the

Lease;[5] as a result, the Commission preserved Caprice's interest in the Lease but canceled Lewis's, effective immediately.[6]

Lewis moved for reconsideration, and the Commission denied her motion in January 2023.

Lewis then appealed to the circuit court. The circuit court affirmed "[a]ll findings of fact and conclusions of law" in the Commission's Order, and this secondary appeal followed.

**(1)** Lewis first contends the circuit court "erred in its application of legal standards to the facts of the case," specifically with regard to "interpreting contractual obligations and determining violations thereof" and the "legal basis for lease cancellation." We construe this argument as challenging the Commission's application — and the circuit court's affirmation — of the "preponderance standard of proof" during the contested case hearing "instead of the heightened 'clear and convincing' standard applicable in civil proceedings involving quasi criminal allegations."

---

[5] During the contested case hearing, Caprice indicated she was "willing to make or undertake the appropriate steps to occupy" the Homestead; this would enable Caprice to maintain her interest in the Lease, as it requires the homesteader to "occupy and commence to use the demised premises as [the homesteader's] home within one year of the date of this lease, and [to] thereafter continue to occupy and use said lands on [the homesteader's] own behalf[.]"

[6] The parties stipulated to the Department staying enforcement of the Commission's Order pending Lewis's appeal.

Under Hawai'i Revised Statutes (**HRS**) § 91-10(5) (2012), the party initiating the contested case hearing (here, the Department) must carry the burdens of production and persuasion by a preponderance of the evidence.[7]

"A party proves something under the preponderance of evidence standard when the existence of the contested fact is more probable than its nonexistence." Borrson v. Weeks, 155 Hawai'i 490, 496, 567 P.3d 195, 201 (2025) (citation modified).

Here, to cancel Lewis's Lease pursuant to section 210 of the Hawaiian Homes Commission Act (**HHCA**), the Department needed to demonstrate it was more likely than not that Lewis violated the Lease term requiring her to comply with all laws. See Hawaiian Homes Commission Act, 1920, § 210, 42 Stat. 108. (authorizing DHHL to cancel a lessee's interest in a lease if, after conducting a contested case hearing, it finds the lessee violated any lease condition); HRS § 91-10(5). Specifically, it needed to show it was more likely than not that Lewis knowingly

---

[7] HRS § 91-10 provides in relevant part:

> **§ 91-10  Rules of evidence; official notice.**  In contested cases:
>
> . . . .
>
>     (5)  Except as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence as well as the burden of persuasion.  The degree or quantum of proof shall be a preponderance of the evidence.

(Some formatting altered.)

advanced or profited from gambling activity, in violation of HRS § 712-1222 (2014).[8]

"A person advances gambling activity if, having substantial proprietary control or other authoritative control over premises being used with [the person's] knowledge for purposes of gambling activity, [the person] permits that activity to occur or continue."  HRS § 712-1220 (2014).

During the contested case hearing, Lewis testified she (1) had "control over access to [her Homestead]"; (2) knew gaming operations, for which she was supposed to receive some compensation, were occurring on her Homestead; and (3) permitted the gaming operations to continue until she received the Department's Violation Notice.  Lewis's own statements demonstrate it was more likely than not that she violated HRS § 712-1222, and as a result, the Commission was entitled to cancel her interest in the Lease pursuant to HHCA § 210.

---

[8]  HRS § 712-1222 provides in full:

> **§ 712-1222  Promoting gambling in the second degree.**
> (1)  A person commits the offense of promoting gambling in the second degree if the person knowingly advances or profits from gambling activity.
>
> (2)  Promoting gambling in the second degree is a misdemeanor.

(Some formatting altered.)

Thus, the circuit court did not err in affirming the Commission's application of the preponderance of the evidence standard and its cancellation of Lewis's interest in the Lease for violating the Lease terms.

**(2)** Lewis next contends the circuit court "erred by relying heavily on highly redacted evidence presented by DHHL without adequately scrutinizing its credibility and relevance."[9] Lewis does not specify the "highly redacted evidence" she challenges, but we presume she is referring to the HPD incident reports.

Under HRS § 91-14(f) (Supp. 2019), judicial review of an agency appeal is typically "confined to the administrative record."[10]  DW Aina Leʻa Dev., LLC v. Bridge Aina Leʻa, LLC., 134 Hawaiʻi 187, 216, 339 P.3d 685, 714 (2014).  The circuit court

---

[9]  Lewis does not cite to any authority in support of this argument, and it is not this court's duty to "develop [the parties'] arguments for [them], find the legal authority to support those arguments, or guess at what part of the record may be relevant."  See In re Morrissey, 349 F.3d 1187, 1189 (9th Cir. 2003) (citation modified); Hussey v. Say, 139 Hawaiʻi 181, 191, 384 P.3d 1282, 1292 (2016) ("This court is not obliged to address matters for which the appellants have failed to present discernible arguments." (citation modified)).  Nonetheless, we address Lewis's argument to facilitate access to justice.

[10]  HRS § 91-14(f) provides:

> (f)  The review shall be conducted by the appropriate court without a jury and shall be confined to the record, except that in the cases where a trial de novo, including trial by jury, is provided by law and also in cases of alleged irregularities in procedure before the agency not shown in the record, testimony thereon may be taken in court.  The court, upon request by any party, shall receive written briefs and, at the court's discretion, may hear oral arguments.

was therefore limited to considering the evidence before the Commission and was required to determine whether the Commission's findings based on the evidence were clearly erroneous. See HRS § 91-14(g)(5) (Supp. 2019).

Here, the Commission's finding that "Lewis engaged in conduct that materially aided the gambling activity on the [Homestead]" was based, in part, on partially redacted HPD incident reports it accepted into evidence. Most of the reports redacted the names and addresses of the parties involved, but the Attempted Robbery Incident Report contained unredacted information identifying "89-435 Keaulana" as a "GAMEROOM" and depicting gaming machines on the Homestead.

Although Lewis objected to the Attempted Robbery Incident Report being received into evidence, she did not explain why. And nothing in the record suggests the report was irrelevant or unreliable.

Moreover, the Commission did not solely consider partially redacted HPD incident reports in determining Lewis violated her Lease. It also considered Lewis's testimony. And, as determined above, Lewis's testimony supported a finding that she more likely than not knowingly advanced illegal gambling activity.

Thus, neither the circuit court nor the Commission clearly erred in considering the partially redacted HPD incident reports.

Based on the foregoing, we affirm the circuit court's (1) September 27, 2023 order affirming the Commission's Order and denial of Lewis's motion for reconsideration and (2) September 27, 2023 Final Judgment.

DATED: Honolulu, Hawai'i, December 15, 2025.

On the briefs:

Heidi Lewis,
Self-represented
Respondent-Appellant-
Appellant.

Craig Y. Iha,
Jordan A.K. Ching,
Deputy Attorneys General
for Agency-Appellee-Appellee
and Petitioner-Appellee-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge