77 F.3d 460
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In re: David A. JONES, Debtor.
David A. JONES, Appellant,
v.
UNIVERSITY OF PITTSBURGH, et al., Appellees.
 No. 95-1665.
 United States Court of Appeals, First Circuit.
 Feb. 16, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge]
 David A. Jones on brief pro se.
 Geraldine B. Karonis, Assistant United States Trustee, on brief for appellee James M. Lynch, United States Trustee.
 Robert E. Murphy, Jr. and Wadleigh, Starr, Peters, Dunn & Chiesa on brief for appellee Liberty Mutual Fire Insurance Company.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, and SELYA and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se debtor David Jones appeals a district court order that affirmed a bankruptcy court decision that dismissed Jones' petition for relief under Chapter 13 of the Bankruptcy Code and five adversary proceedings filed in connection with that petition. This court has thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the instant appeal is frivolous. Jones has failed to produce the transcripts of the hearing on the U.S Trustee's motion to dismiss and the hearing on Jones' motion for reconsideration. "We have repeatedly held that we will not review a claim of error if the appellant has failed to include a transcript of the pertinent proceedings in the record on appeal." Valedon Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1135 (1st Cir.1986). Absent these transcripts, we are unable to review Jones' claim that the bankruptcy court erred in finding that he was not a person with "regular" income entitled to relief under Chapter 13. To the extent that review is possible on the record before us, we discern no error.[1]
 
 
 2
 It further appears that the funds that were held by the New Jersey Sheriff were disbursed long ago. Accordingly, Jones' claim that the bankruptcy court erred by refusing to order a turn over of these funds is moot. See In re Public Service Company of New Hampshire, 963 F.2d 469, 471-76 (1st Cir.), cert. denied, 506 U.S. 908 (1992). Jones' remaining claims on appeal are meritless for the reasons stated in the district court's opinion.
 
 
 3
 The judgment of the district court is summarily affirmed. See Local Rule 27.1. To the extent that Jones' "Emergency Notification of a Federal Bureau of Investigation Seizure of Incriminating Documents" seeks relief from this court, it is denied.
 
 
 
 [1]
 We note that Jones offers conflicting explanations for the absence of the 7/6/94 transcript. His brief says that the court reporter informed his wife that no such transcript exists because court was not held on that day. A more recent filing indicates that the transcript was made, but has "disappeared." Jones offers no explanation for the absence of the 10/5/94 transcript. "The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted from the designation of the record on appeal." In re Abijoe Realty Corp., 943 F.2d 121, 123 & n. 1 (1st Cir.1991). This rule applies equally to appellants who designate transcripts but fail to ensure that said transcripts are produced