David L. WILSON, Jr., Debtor.

David L. Wilson, Jr., Appellant,

v.

Wells Fargo Bank, N.A., Appellee.

BAP No. 08–044.
Bankruptcy No. 08–11154–FJB.

United States Bankruptcy Appellate Panel
for the First Circuit.

March 6, 2009.

David G. Baker, Esq., on brief for Appellant.

Elizabeth A. Lonardo, Esq., on brief for Appellee.

Before CARLO, DEASY and KORNREICH, United States Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Appellate Panel Judge.

David L. Wilson, Jr. (the "Debtor"), appeals from a bankruptcy court order sustaining the objection of Wells Fargo Bank, N.A. ("Wells Fargo"), to confirmation of his chapter 13 plan (the "Order Sustaining Objection") and from the court's subsequent order denying reconsideration (the "Order Denying Relief") (together, the "Orders"). The Debtor asks us to consider whether a balloon payment proposed in his chapter 13 plan violates § 1325(a)(5)(B)(iii)(I) of the Bankruptcy Code.[1] Because the Debtor failed to provide hearing transcripts, we do not have a sufficient basis on which to review the Orders. As such, we summarily affirm the Orders.

## BACKGROUND

The Debtor filed a chapter 13 petition in 2008 and later proposed a plan that provided, among other things, to cure arrears on a mortgage secured by his residence. Wells Fargo objected to the plan on the grounds that the payments were "not sufficient to cure the arrears to [Wells Fargo]." The Debtor filed a response to the objection in which he stated that the amount was consistent with the proof of claim. Additionally, in response to Wells Fargo's allegation that the payments were not suf-

---

1. Unless otherwise indicated, all references to the "Bankruptcy Code" or to specific sections are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("BAPCPA"). All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

ficient to cure the arrears, the Debtor stated: "The [D]ebtor's plan speaks for itself. While the statement is literally true, the plan provides for a balloon payment to the trustee in or about the 36th month. Any balance not paid by way of monthly payments to the trustee will be paid as [ ] part of the balloon."

The bankruptcy court held a hearing on the matter, at the conclusion of which it issued the Order Sustaining Objection. The order is a proceeding memorandum issued in conjunction with the hearing. The bankruptcy court provided no discussion in the order for its reasons sustaining Wells Fargo's objection; it simply stated: "Hearing held."

The Debtor filed a motion for relief from the Order Sustaining Objection (the "Relief Motion"), accompanied by a memorandum of law, in which he explained that "although the objection did not explicitly refer to § 1325(a)(5)(B)(iii)(I), the court nonetheless sustained the objection based on that statute because the plan provides for a balloon payment. Because the [D]ebtor believes the court's decision resulted from a misinterpretation of the statute, he requests that the court reconsider the question and grant him relief from the order." On May 22, 2008, the bankruptcy court held a hearing, at the end of which it issued the Order Denying Relief,[2] again in the form of a proceeding memorandum. The court included the following notation on the Order Denying Relief:

The Court has considered counsel's arguments as to the merits and finds no cause therein to reach a different result, especially where paragraph 3 of the plan's Supplemental Provisions expressly requires the trustee to make multiple

payments to the mortgagee to satisfy its arrearage.

The Debtor timely filed an appeal but did not include in his appendix or in the record on appeal transcripts of either hearing.

## JURISDICTION

### A. Finality

■ A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits, even where the issue is not raised by the litigants. *Tracey v. United States (In re Tracey)*, 394 B.R. 635, 638 (1st Cir. BAP 2008). We may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An order denying confirmation of a chapter 13 plan is interlocutory where the debtor may propose another plan. *Watson v. Boyajian (In re Watson)*, 309 B.R. 652, 659 (1st Cir. BAP 2004), *aff'd*, 403 F.3d 1 (1st Cir. 2005). An order denying reconsideration is interlocutory if the underlying order is interlocutory. *Eresian v. Koza (In re Koza)*, 375 B.R. 711, 716 (1st Cir. BAP 2007). Here, the Orders are interlocutory as the Debtor was free to propose another plan. We previously granted leave to appeal, however.

2. The bankruptcy court should have treated the Relief Motion as one under Rule 60(b) because the Order Sustaining Objection was entered on April 10, 2008, and the Debtor did

not file his Relief Motion until April 30, 2008, outside the ten-day window under Rule 59(e). However, the distinction is of no consequence for purposes of this appeal.

**B. Scope of Appeal**

The Debtor did not list the Order Sustaining Objection on his notice of appeal. In some circumstances, we have limited the scope of the appeal to the order denying reconsideration where an appellant fails to list the underlying order on the notice of appeal. *See Aguiar v. Interbay Funding, LLC (In re Aguiar)*, 311 B.R. 129, 134–35 (1st Cir. BAP 2004). Under circumstances where the parties treated the appeal as encompassing both orders, however, we consider both orders. *See Devila Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 504 (1st Cir. BAP 2005); *see also Zukowski v. St. Lukes Home Care Program*, 326 F.3d 278, 283 n. 4 (1st Cir.2003) (explaining that notice of appeal may be read to include underlying order and not simply order denying reconsideration when it "can be fairly inferred from the notice" that appellant intended to appeal underlying order); *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 8–9 (1st Cir. 2005) (explaining that the First Circuit has been "liberal" in determining subject of appeals and that determination is based on appellant's intent, record as whole and whether appellee has been misled by unclear notice of appeal). Because both parties addressed the Order Sustaining Objection in their briefs and the record reflects that the Debtor intended to appeal the Order Sustaining Relief and that Wells Fargo was not misled, we consider both orders.

**STANDARD OF REVIEW**

We generally review findings of fact for clear error and conclusions of law

*de novo. Khan v. Bankowski (In re Khan)*, 375 B.R. 5, 8 (1st Cir. BAP 2007); *see also Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43 (1st Cir.2008).

**DISCUSSION**

As the appellant in this matter, the Debtor bears the burden of establishing that the Panel should reverse the Orders. *See Mountain Peaks Fin. Servs. v. Shepard (In re Shepard)*, 328 B.R. 601, 603–604 (1st Cir. BAP 2005). An appellant's failure to file a hearing transcript is fatal to an appeal where "the Panel is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings." *Gagne v. Fessenden (In re Gagne)*, 394 B.R. 219, 225 n. 7 (1st Cir. BAP 2008). Where the bankruptcy court's findings or conclusions of law were set forth on the record at a hearing, the appellant must provide a transcript of the hearing as part of the record on appeal. *See* Bankruptcy Rule 8006;[3] Bankruptcy Rule 8009(b)(5);[4] *In re Shepard*, 328 B.R. at 604. In *Shepard*, the appellant failed to provide a transcript of the proceedings below, and the bankruptcy court's order simply stated that the motion was granted. *Id.* The Panel, therefore, could not review the bankruptcy court's findings or conclusions. *Id.*

"When an appellant fails to provide a record of evidence material to the point the appellant wishes to raise, and thus leaves the appellate court with an insufficient basis to make a reasoned deci-

---

3. Bankruptcy Rule 8006 provides that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."

4. Bankruptcy Rule 8009(b)(5) provides that the appendix shall include "[t]he opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published."

sion, the court in its discretion may either consider the merits of the case insofar as the record permits, or may dismiss the appeal if the absence of a full record thwarts intelligent and reasoned review." *Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 963 (1st Cir.1995); *see also Campos–Orrego v. Rivera*, 175 F.3d 89, 93 (1st Cir.1999) (parties seeking appellate review "must furnish the court with the raw materials necessary to the due performance of the appellate task"); *Moore v. Murphy*, 47 F.3d 8, 10–11 (1st Cir.1995) (holding that if the record on appeal is so deficient as to preclude the appellate court from reaching a reasoned determination on merits, the appellant must bear brunt of an insufficient record); *In re Abijoe Realty Corp.*, 943 F.2d 121, 123 n. 1 (1st Cir.1991) (explaining that court would only evaluate the claims of error to extent permitted by limited record on appeal).

■ An appellant's failure to include a hearing transcript is not fatal only where the reviewing court can discern from the record the basis for the trial court's ruling, and the parties agree that no facts are at issue. *See In re Gagne*, 394 B.R. at 225. In *Gagne*, the parties agreed that the issues were not factually dependent and only involved a question of statutory interpretation. *Id.* at 225 & n. 7. More importantly, the bankruptcy court had explained the basis for its ruling in considerable detail in a subsequent order granting a stay pending an appeal and also referred to the issue before it as one of statutory interpretation. *Id.* at 222. We deal with a different record here.

■ Here, the Debtor did not include in his appendix or in the record on appeal transcripts of either hearing, and the bankruptcy court did not state in the Orders the basis on which it denied confirmation and reconsideration. In the Order Sustaining Objection, the court simply stated "Hearing held," and in the Order Denying Relief the court explained only that it rejects counsel's arguments and that the Debtor's plan "requires the trustee to make multiple payments to the mortgagee to satisfy its arrearage." Moreover, Wells Fargo did not raise the issue of the balloon payment in its objection. The only evidence in the record from which to discern that the court based its decision on § 1325(a)(5)(B)(iii)(I) is the Debtor's representation to that effect in his Relief Motion. We are, thus, unable to determine the legal basis of the court's rulings, and we have no basis on which to review the bankruptcy court's decision. The appeal must therefore fail.

Additionally, without the hearing transcript, we are unable to determine whether the Debtor raised the arguments he presents on appeal during the hearing. *See In re Shepard*, 328 B.R. at 604. The record reflects that the Debtor did not raise the arguments he presents on appeal in his response to Wells Fargo's objection, but he did raise them in his Relief Motion. "It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the [trial] court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir.2003); *see also Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). Without the hearing transcript, we cannot ascertain whether the Debtor raised his arguments for the first time in his Relief Motion.

## CONCLUSION

Because the record on appeal fails to provide a sufficient basis for reviewing the bankruptcy court's decisions, we summarily **AFFIRM** the Orders.