**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BRET JAMES HAMEL, | No. 09-60025 |
| Debtor, | BAP No. AZ-08-1290-PaDJu |
| JAMES HAMEL; et al., | MEMORANDUM* |
| Appellants, | |
| v. | |
| LINDA LALLISS, FKA Linda Hamel, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and ANELLO,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Diane and James Hamel ("Parents") commenced an adversary proceeding in the bankruptcy case of their son, Debtor Bret James Hamel. Naming Hamel's ex-wife Linda Lalliss as Defendant, the Parents sought turnover of property that they claimed they had purchased in an earlier order of sale. The bankruptcy court granted summary judgment to Lalliss. In their record on appeal to the Ninth Circuit Bankruptcy Appellate Panel (BAP), the Parents did not include transcripts of the hearings in which the bankruptcy court interpreted its earlier orders.[1] The BAP summarily affirmed, reasoning that the missing transcripts were necessary for proper appellate review. *See* 9th Cir. BAP R. 8006-1 ("The excerpts of the record shall include the transcripts necessary for adequate review . . . ."). We review for abuse of discretion the BAP's decision to summarily affirm for non-compliance with procedural requirements. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003).

The Parents argue that the transcripts were unnecessary for the BAP's decision because the bankruptcy court's summary judgment was subject to de novo review. But while the bankruptcy court's ultimate ruling is subject to de novo review, its interpretation of its earlier order of sale is owed some deference. *Cf.*

---

[1] Nor have the Parents included the transcripts in the record before us.

*Labor/Cmty. Strategy Ctr. v. L.A. County Metro. Transp. Auth.*, 564 F.3d 1115, 1119 (9th Cir. 2009) (although a district court's ultimate interpretation of a consent decree is reviewed de novo, the court of appeals gives deference based on the district court's oversight of and experience with the decree).

The Parents also argue that deference is unnecessary because the order of sale is unambiguous. Even if the order of sale might be unambiguous in isolation, it is ambiguous in context. We cannot be sure what property was included in the order of sale. A later order that abandoned property to Hamel and Lalliss appears to abandon *any* interest in the residence, whether exempt or not, and *all* household goods, whether exempt or not. If, as the Parents claim, the order of sale transferred to them the nonexempt equity in the residence and the nonexempt portion of the household goods, the estate could not have later abandoned any nonexempt interest in the residence or household goods. Thus, reading the order of sale and the abandonment order together, it is not clear whether the order of sale was intended to sell the estate's interest in the residence and household goods to the Parents. In this circumstance, the bankruptcy court was in a much better position than the BAP (or we) to determine what property the order of sale covered.

Because the BAP owed deference to the bankruptcy court's interpretation of its own orders, ascertaining that interpretation was essential to its appellate review.

3

Without the missing transcripts, which the Parents concede they could have ordered, it was impossible to understand how the bankruptcy court interpreted its orders and why. For that reason, "the inadequacy of the record . . . afforded the BAP little choice but to affirm summarily." *Morrissey*, 349 F.3d at 1191. The BAP did not abuse its discretion in characterizing the omission of the transcripts as egregious and declining to consider alternative sanctions.

**AFFIRMED.**