**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. EB 23-004**

---

**Bankruptcy Case No. 22-10117-MAF**

---

**JODIE LOUISE BYRNE,**
**Debtor.**

---

**JODIE LOUISE BYRNE,**
**Appellant.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Maine**
**(Michael A. Fagone, U.S. Bankruptcy Judge)**

---

**Before**
**Cabán, Panos, and Katz,**
**United States Bankruptcy Appellate Panel Judges.**

---

**Jodie Louise Byrne, Pro Se, on brief for Appellant.**

---

**October 6, 2023**

---

**Per Curiam.**

Jodie Louise Byrne (the "Debtor") appeals from the bankruptcy court's order denying her Motion to Waive Transcript Fees (the "Order Denying Motion to Waive Transcript Fees"). At issue in this appeal is whether the bankruptcy court erred in denying the Debtor's request to waive the fees for a hearing transcript relating to plan confirmation she ordered in connection with her prior appeal of the order dismissing her chapter 13 case. See BAP No. EB 22-040. The bankruptcy court, after a hearing on the Motion to Waive Transcript Fees, denied the Debtor's request "for reasons set forth on the record" at the hearing. Unfortunately, the Debtor's failure to provide us with a transcript of the bankruptcy court's oral rulings at the hearing on the Motion to Waive Transcript Fees, and her failure to provide any developed, supported argument in her appellate brief, preclude meaningful review of the merits of this appeal, as discussed below. Accordingly, the Order Denying Motion to Waive Transcript Fees is **AFFIRMED**.[1]

<b>BACKGROUND</b>[2]

## I.     Relevant Events During Bankruptcy Case

The Debtor filed a chapter 13 bankruptcy petition in May 2022. Thereafter, the Debtor asked the bankruptcy court to waive the fee for her chapter 13 filing, the bankruptcy court entered an order denying her request ("Order Denying Chapter 13 Fee Waiver"), and the Debtor appealed that order.[3] A few months later, the bankruptcy court issued an Order to Show Cause

---

[1]  After examination of the Appellant's brief and the record, the Panel has unanimously determined that oral argument is not needed in this case as the dispositive issues have been authoritatively decided. See Fed. R. Bankr. P. 8019(b); 1st Cir. BAP L.R. 8019-1(d).

[2]  Unless expressly stated otherwise, all references to the "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

[3]  The Panel summarily affirmed the Order Denying Chapter 13 Fee Waiver in a judgment entered on April 28, 2023. See In re Byrne, BAP No. EB 22-022, slip op. (B.A.P. 1st Cir. Apr. 28, 2023). The

directing "any interested party" to show cause, at a hearing to be held on September 15, 2022, why or why not the court should suspend all further proceedings in the bankruptcy case under § 305(a)(1) until: (1) the resolution of the Debtor's appeal of the Order Denying Chapter 13 Fee Waiver; and/or (2) the resolution of a pending petition for a writ of certiorari that the Debtor had filed with the U.S. Supreme Court.[4]

On September 15, 2022, after a combined hearing on the Order to Show Cause and confirmation of the Debtor's chapter 13 plan (the "September 2022 Confirmation Hearing"), the bankruptcy court entered an order denying plan confirmation, but granting the Debtor leave to file a modified plan within 28 days. About two weeks later, on September 28, 2022, the bankruptcy court entered an Order Declining to Stay Proceedings.[5]

The Debtor did not file a modified plan within the 28-day period specified in the order denying confirmation. Instead, she filed a motion to extend time to file a modified plan, which the bankruptcy court denied. On November 2, 2022, the bankruptcy court entered an order dismissing the Debtor's chapter 13 case for cause under § 1307(c) (the "Order Dismissing Chapter 13 Case"), as no plan had been confirmed, the Debtor had not filed a modified plan within the prescribed deadline, and her request for an extension of time to file a modified plan had been denied.

---

Debtor appealed to the U.S. Court of Appeals for the First Circuit, but that appeal was dismissed for failure to prosecute. See In re Byrne, No. 23-9005, slip op. (1st Cir. Aug. 11, 2023).

[4] The Debtor's petition for writ of certiorari was denied in October 2022.

[5] The Debtor appealed the Order Declining to Stay Proceedings, but the Panel dismissed the interlocutory appeal for lack of jurisdiction. See In re Byrne, BAP No. EB 22-035, slip op. (B.A.P. 1st Cir. Oct. 31, 2022).

**II.     Relevant Events After Dismissal of Chapter 13 Case**

**A.      Appeal of Order Dismissing Chapter 13 Case**

The Debtor appealed the Order Dismissing Chapter 13 Case to the Panel.  See BAP No.

EB 22-040 ("Appeal of the Order Dismissing Chapter 13 Case").  In her amended designation of

the record on appeal in the Appeal of the Order Dismissing Chapter 13 Case, the Debtor

indicated she "would like the transcript[s] from all hearing[s]."  Then, on December 20, 2022,

she filed with the bankruptcy court a "transcript order" regarding the September 2022

Confirmation Hearing.  The docket reflects the reporter confirmed receipt of the transcript order,

indicating that the completed transcript would not be released until payment was made.[6]

On January 4, 2023, the reporter submitted the completed transcript to the bankruptcy

court, with restricted access.[7]  One week later, on January 11, 2023, the Debtor filed with the

bankruptcy court her Motion to Waive Transcript Fees, seeking to waive the reporter's fee for

transcribing the September 2022 Confirmation Hearing in connection with the Appeal of the

Order Dismissing Chapter 13 Case.  The Debtor asserted, without legal or evidentiary support,

that "[t]ranscript fees . . . should not be assigned to domestic violence victims in the [U.S.]

Justice system and the fees are illegal."

**B.      Motion to Suspend Proceedings and Motion for Entry of Hardship Discharge**

While the Motion to Waive Transcript Fees was pending, the Debtor filed a Motion to

Suspend Proceedings Under § 305, which the bankruptcy court denied.  The Debtor then filed a

Motion for Entry of Hardship Discharge, which was scheduled for a hearing on March 23, 2023.

---

[6] See TD Bank, N.A. v. LaPointe (In re LaPointe), 505 B.R. 589, 591 n.1 (B.A.P. 1st Cir. 2014) (stating "we may take judicial notice of the bankruptcy court's docket and imaged papers").

[7] To date, there is no electronic access on the bankruptcy court's docket to the transcript of the September 2022 Confirmation Hearing.

However, the hearing did not take place. An electronic docket entry from February 3, 2023 provides: "Entry: The Motion for Hardship Discharge has been filed in a case that is dismissed. No action will be taken on the Motion, and the hearing scheduled to take place on March 23, 2023 is terminated." There was no order or other document hyperlinked to the docket entry.

### C. Order Denying Motion to Waive Transcript Fees

The bankruptcy court conducted a hearing on the Motion to Waive Transcript Fees on February 2, 2023 (the "February 2023 Transcript Fee Waiver Hearing"). Following the hearing, the bankruptcy court entered the Order Denying Motion to Waive Transcript Fees which provided, in its entirety, that the Motion to Waive Transcript Fees was "denied for reasons set forth on the record."

### D. Appeal of Order Denying Motion to Waive Transcript Fees

On February 3, 2023, the Debtor commenced the subject appeal by filing a "Notice to Appeal Denial of Transcripts Fee [W]aiver and Cancel Hardship Discharge [H]earing on March 23rd." Although the bankruptcy court set forth its rulings on the Motion to Waive Transcript Fees on the record at the February 2023 Transcript Fee Waiver Hearing, the Debtor did not designate a transcript of that hearing as part of the record on appeal, and the bankruptcy court docket does not reflect that she ordered, or paid for, such a transcript. Nor did she seek to submit a court-approved statement of the proceedings in accordance with Bankruptcy Rule 8009(c).[8]

---

[8] If a hearing transcript is "unavailable," Bankruptcy Rule 8009(c) provides that "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. Bankr. P. 8009(c). Any such statement must be filed and served on the appellee within 14 days of the filing of the notice of appeal and then submitted, along with any objections, to the bankruptcy court for approval. Id. Although the term "unavailable" is not defined in the Bankruptcy Rules, it is well settled that "[u]navailable' does not include a party's inability to pay for a transcript." Collier on Bankruptcy ¶ 8009.08 (Richard Levin & Henry J. Sommer eds., 16th ed.) (hereinafter, "Collier on Bankruptcy"); see also Higgason v. Wallace, No. 00-3784, 2001 U.S. App. LEXIS 26470, at *3 (7th Cir. Nov. 26, 2001) (stating that "inability to pay for the transcript does not make it unavailable" under analogous Fed. R. App. P. 10(c)) (citations omitted); Andrade v. Moran, No.

**E.  Dismissal of Appeal of the Order Dismissing Chapter 13 Case**

About a month later, on March 13, 2023, the Panel dismissed the Debtor's Appeal of the Order Dismissing Chapter 13 Case, for reasons unrelated to the missing transcript of the September 2022 Confirmation Hearing.[9]  See In re Byrne, BAP No. EB 22-040, slip op. (B.A.P. 1st Cir. Mar. 13, 2023).

## SCOPE OF APPEAL

As a preliminary matter, we must first determine what is properly before us in this appeal.  The Debtor's notice of appeal was entitled "Notice to Appeal Denial of Transcripts Fee [W]aiver and Cancel Hardship Discharge [H]earing on March 23rd."  The bankruptcy court, however, did not enter an order canceling the hearing on the Motion for Entry of Hardship Discharge, and the docket entry alone, unaccompanied by an order or other document signed by a bankruptcy judge, does not constitute an "order, judgment, or decree" from which the Debtor could appeal.  See 28 U.S.C. § 158(a)-(c) (providing Panel with jurisdiction to hear appeals only from "orders, judgments, or decrees" of the bankruptcy court); J & V Devs., Inc. v. Malloy (In re

---

92-1799, 1994 WL 12329, at *2 (1st Cir. Jan. 13, 1994) ("Indigence . . . does not relieve plaintiff of the burden to produce the transcript under Rule 10(b)(2).") (citation omitted); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (stating that "inability to bear the financial burden of providing a transcript does not make the transcript unavailable within the meaning of Rule 10(c)") (citation omitted).  Here, the record does not reflect that any such statement of the proceedings was filed by the Debtor within the prescribed period or approved by the bankruptcy court.  Consequently, we need not consider whether the transcript of the February 2023 Transcript Fee Waiver Hearing was "unavailable" for purposes of Bankruptcy Rule 8009(c).

[9]  The Panel's dismissal of the Appeal of the Order Dismissing Chapter 13 Case, for which the September 2022 Confirmation Hearing transcript was requested (BAP No. EB 22-040), does not render the subject appeal of the denial of the Motion to Waive Transcript Fees moot.  As the transcript for the September 2022 Confirmation Hearing has been prepared, the Debtor remains obligated to pay the transcription fee directly to the reporter.  See Fed. R. Bankr. P. 8009(b)(4) (requiring party requesting transcript to pay reporter directly for cost of transcript); cf. Collier on Bankruptcy ¶ 8009.06[1] ("Rule 8009 places the burden of ordering *and paying for* necessary parts of the transcript squarely upon the appellant.") (emphasis added).

Malloy), No. 22-2657, 2023 WL 2525521, at *1 (3d Cir. Feb. 3, 2023) (dismissing appeal for lack of jurisdiction because docket entry was not a "final decision, judgment, order, or decree"); Emamian v. Rockefeller Univ., No. 7 Civ. 3919 (PGG) (SDA), 2023 WL 4493498, at *10 (S.D.N.Y. July 11, 2023) (rejecting argument that docket entry constituted an order, as "[t]he descriptive text in a docket entry is not an order in and of itself").[10]

Further, in her appellate brief, the Debtor raises arguments relating to the bankruptcy court's denial of her request to suspend the proceedings under § 305. That ruling, however, was not identified in the Debtor's notice of appeal and, therefore, it is not properly before the Panel in this appeal. See Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 929 (1st Cir. 2014) ("As a general rule, appellate jurisdiction is 'limited to review of orders and judgments specifically described in the notice of appeal.'") (quoting Rojas-Velázquez v. Figueroa-Sancha, 676 F.3d 206, 209 (1st Cir. 2012)); cf. Kotler v. Am. Tobacco Co., 981 F.2d 7, 11 (1st Cir. 1992) ("Omitting [one] order [in the notice of appeal] while, at the same time, designating a completely separate and independent order loudly proclaims plaintiff's intention not to appeal from the former order.") (citations omitted).

Therefore, this appeal encompasses only the Order Denying Motion to Waive Transcript Fees.

---

[10] Even if the docket entry did constitute an "order, judgment, or decree" canceling the hearing on the Motion for Entry of Hardship Discharge, any appeals relating to the denial of a bankruptcy discharge—including the termination of a hearing—are moot, as the bankruptcy case has been dismissed, and, after unsuccessful appeals to the Panel and the First Circuit, the Order Dismissing Chapter 13 Case is final. See Sundaram v. Briry, LLC (In re Sundaram), 9 F.4th 16, 21 (1st Cir. 2021) (ruling that an appeal is moot "when the issue on appeal is directly related to an underlying bankruptcy case and the underlying case is itself dismissed") (citations omitted).

## DISCUSSION

As a threshold matter, we are faced with a serious deficiency in the record on appeal that precludes meaningful review of the Order Denying Motion to Waive Transcript Fees. The Debtor has failed to provide us with a transcript of the bankruptcy court's oral rulings at the February 2023 Transcript Fee Waiver Hearing, which is an essential part of the appellate record, as discussed below.

Bankruptcy Rule 8009 requires the appealing party to designate the items to be included in the record on appeal and provides that the record must include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, *including transcripts of all oral rulings*[.]" Fed. R. Bankr. P. 8009(a)(4) (emphasis added); see also Fed. R. Bankr. P. 8018(b)(1). The purpose of this requirement "is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal." Zer-Ilan v. Frankford (In re CPDC Inc.), 221 F.3d 693, 698 (5th Cir. 2000) (citation omitted). Therefore, the "record should contain the documentation necessary to afford the reviewing court a complete understanding of the case." Puntas Assocs. LLC v. Wiscovitch-Rentas (In re Puntas Assocs. LLC), 621 B.R. 85, 87 (D.P.R. 2020) (quoting Malone v. Payeur (In re Payeur), 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982)). "Where the bankruptcy court's findings or conclusions of law were set forth on the record at a hearing, the appellant must provide a transcript of the hearing as part of the record on appeal." Wilson v. Wells Fargo Bank, N.A. (In re Wilson), 402 B.R. 66, 69 (B.A.P. 1st Cir. 2009) (citations omitted); see also Bogan v. City of Bos., 489 F.3d 417, 425 (1st Cir. 2007) ("The party asserting a claim of error maintains the burden of procuring the transcript where a transcript is necessary to decide the claims.") (citations omitted). Even appellants proceeding pro se "bear this responsibility." Bagwell v. Bank of Am., N.A. (In re Bagwell), 741 F. App'x 755, 758 (11th

Cir. 2018) (citations omitted); see also Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'") (citation omitted). Ultimately, the appellant bears the responsibility for providing an adequate record on appeal. See In re Payeur, 22 B.R. at 519 (stating that the "responsibility for presenting an adequate record on appeal rests squarely with the appellant").

Here, the bankruptcy court denied the Motion to Waive Transcript Fees "for reasons set forth on the record" at the February 2023 Transcript Fee Waiver Hearing. The bankruptcy court provided no further explanation for its ruling in the Order Denying Motion to Waive Transcript Fees. Therefore, a transcript of the bankruptcy court's oral rulings at the February 2023 Transcript Fee Waiver Hearing is an essential part of the appellate record in this case. See Bogan, 489 F.3d at 425; In re Wilson, 402 B.R. at 69.

As the appellant, the Debtor bears the burden to establish that the bankruptcy court's findings of fact were clearly erroneous and/or that its legal conclusions were contrary to law. See In re Wilson, 402 B.R. at 69; Cambio v. Mattera (In re Cambio), 353 B.R. 30, 36 (B.A.P. 1st Cir. 2004). Without a transcript of the February 2023 Transcript Fee Waiver Hearing, we are unable to discern the legal foundation of the bankruptcy court's denial of the Motion to Waive Transcript Fees or determine whether the bankruptcy court made any erroneous findings or legal conclusions when denying the motion. The Debtor, therefore, has failed to supply us with the "the raw materials necessary to the due performance of the appellate task." Jackson v. ING Bank, FSB (In re Jackson), 988 F.3d 583, 590-91 (1st Cir. 2021) (quoting Campos-Orrego v. Rivera, 175 F.3d 89, 93 (1st Cir. 1999)).

Under these circumstances, the Debtor's failure to provide a transcript of the February 2023 Transcript Fee Waiver Hearing is "fatal" to her appeal. See In re Wilson, 402 B.R. at 69 ("An appellant's failure to file a hearing transcript is fatal to an appeal where 'the Panel is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings.'") (quoting Gagne v. Fessenden (In re Gagne), 394 B.R. 219, 225 n.7 (B.A.P. 1st Cir. 2008)); see also In re Jackson, 988 F.3d at 591 ("[I]t is the appellant who must bear the brunt of an insufficient record on appeal' if an examination of the existing record 'proves inconclusive.'") (quoting Real v. Hogan, 828 F.2d 58, 60 (1st Cir. 1987)); cf. Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 37 (1st Cir. 2011) (finding appellant could not prevail on claim that trial judge gave erroneous jury instructions because it failed to meet the "basic requirement" of providing a transcript of the instructions) (citing Campos-Orrego, 175 F.3d at 94; Moore v. Murphy, 47 F.3d 8, 10-12 (1st Cir. 1995)); In re Abijoe Realty Corp., 943 F.2d 121, 127-28 (1st Cir. 1991) (concluding that "[w]ithout a transcript," it was "impossible" to determine whether the bankruptcy court denied appellants the right to present evidence at the dismissal hearing). As the First Circuit has clearly stated: "The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted from the designation of the record on appeal." In re Abijoe Realty Corp., 943 F.2d at 123 n.1. "This rule applies equally to appellants who designate transcripts but fail to ensure that said transcripts are produced." Jones v. Univ. of Pittsburgh (In re Jones), No. 95-1665, 1996 WL 71088, at *1 n.1 (1st Cir. Feb. 16, 1996).

Where, as here, the appellant's failure to provide a hearing transcript precludes meaningful appellate review of the merits of the appeal, summary affirmance is warranted.[11] See Hamel v. Lalliss (In re Hamel), 374 F. App'x 721, 722 (9th Cir. 2010) (concluding inadequacy of the record resulting from missing transcripts "afforded the BAP little choice but to affirm summarily") (citation and internal quotation marks omitted); In re Wilson, 402 B.R. at 70 (summarily affirming where bankruptcy court's decision could not be evaluated in the absence of a transcript); see also 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition when "no substantial question" is presented).

Further, the Debtor's inadequate briefing provides additional grounds for summary affirmance as it also precludes meaningful review of the merits of this appeal. As stated previously, the Debtor has the burden of establishing that the bankruptcy court's findings of fact were clearly erroneous and/or that its legal conclusions were contrary to law. In re Wilson, 402 B.R. at 69. The Debtor's only argument in her appellate brief as to the denial of her request to waive the transcription fee for the February 2022 Confirmation Hearing is that the "[t]ranscript [f]ees should have been waived as [she] requested that all fees be waived." She provides no legal support for her position or any developed argument as to whether or how the bankruptcy court's ruling was based on erroneous factual findings or legal conclusions. As the First Circuit has warned:

> It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do [appellant]'s work, create the ossature for the argument, and put flesh on its bones. . . . "Judges are not expected to be mindreaders.

---

[11] We acknowledge that an underlying theme throughout the Debtor's bankruptcy proceedings was that, as a debtor in bankruptcy, she should not have to pay any type of fees, including her chapter 13 filing fee, her appellate filing fees, and any transcript fees. However, her position below—that all such fees should be waived—is not sustainable in this appeal, where a transcript of the bankruptcy court's oral rulings is essential to the appellate task.

Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (citations omitted); see also In re Jackson, 988 F.3d at 590-91 (ruling challenge to certain orders was waived where appellant made "little more than cursory mention of it in her opening brief," warning that "[t]he mere mention of a challenge suffices only to waive it") (citation omitted). The Debtor's failure to raise any developed, supported challenge to the order on appeal is grounds for summary affirmance. See Sharma v. Pappalardo (In re Sharma), 647 B.R. 795, 809 (B.A.P. 1st Cir. 2023) (summarily affirming where appellant failed "to raise any meaningful, developed challenge to the orders on appeal") (citations omitted); see also Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190 (9th Cir. 2003) (declining to reach the merits of the bankruptcy court's ruling after concluding BAP's summary affirmance was an appropriate sanction for failing to comply with briefing rules); Zannino, 895 F.2d at 17 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted); 1st Cir. BAP L.R. 8013-1(c)(2).

## CONCLUSION

For the above reasons, the Order Denying Motion to Waive Transcript Fees is **SUMMARILY AFFIRMED**. See 1st Cir. BAP L.R. 8013-1(c)(2).